# UNITED STATES DISTRICT COURT
## District of Massachusetts
## (Boston)

Joseph P. Schmitt, pro se,                     Civil Action No.
        Plaintiff,
                                        _____
        v.

Jeffrey Smith,
William Grossi,
Peter Allen,
Michael T. Maloney,
William Faria,
Ernest Therien,
Ma. Dept of Correction,
        Defendants.

_____

## Motion For Waiver of Filing Fees And to Proceed in Forma Pauperis

        Now comes the plaintiff, Joseph P. Schmitt in the above entitled action and moves this Honorable Court to waive the payment of all filing fees and to allow the:

        1.   Plaintiff to proceed in forma pauperis. The plaintiff is without funds to support this action.

        2.   Plaintiff states that the United States Supreme

Court in <u>Adkin v. Dupont, 335 U.S. 331, 69 S.Ct. 85</u> (1948), recognized the litigants need not give up their "last dollar"... and thus make themselves and their dependants wholly destitute, Id at 339 to be granted in forma pauperis status. In <u>Souder v. McGuire 516 F.2d 820 (3rd Cir. 1975)</u> the Adkins standard was applied to a habeas corpus action and the courts held that;

"... [we] do not think that prisoners must totally deprive themselves of these small amenities of life which they are permitted to aquire in a prison or mental hospital beyond the food, clothing and lodging already furnished them by the state. An account of $50.07 would not purchase many such amenities, perhaps cigarettes and some occassional vending material. These needs not be surrendered in order for a prisoner or mental patient to litigate in forma pauperis in the District Court, Id at 824. See also In re <u>Smith 600 F.2d 714 (8th Cir. 1979).</u>

3.    The United States District Court held in <u>King v. Greenblatt</u> 53 F.Supp. 2d 117, 138 (D. Mass 1999).

"As a matter of statutory interpretation, the PLRA does not extend to cover civilly committed residents at the Treatment Center. In the first place, the Treatment Center is not a facility to which coverage of the PLRA extends. The PLRA applies only to persons who are subject to incarceration, detention or admission to "prisons" as defined by the statute. The PLRA defines "prisoners" as any person subject to incarceration, detention, or admission to any

facility who is accused of, convicted of, sentenced for or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 18 U.S.C.A. § 3626 (g)(3), "prison" is defined as "Any Federal, State, or Local Facility that incarcerate or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law. Id § 3626 (g)(5).

4.     The Courts further held in <u>King v. Greenblatt 53 F. Supp. 2d 117 (D. Mass 1999)</u>

"Civilly committed patients are not 'prisoners', nor is the Treatment Center a 'prison' within the meaning of the PLRA."

WHEREFORE, the plaintiff prays that this Honorable Court grant this motion and allow him to proceed without payment of filing fees and in forma pauperis

Dated: February 20, 2004

Respectfully Submitted

Joseph P. Schmitt

Joseph P. Schmitt, M-81137
Ma. Treatment Center
30 Administration Road
Bridgewater, Ma 02324-3230