UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS


JOSEPH PETER SCHMITT,              )
                                   )
                                   )
        v.                         )        C.A. No. 2004-10451-RWZ
                                   )
JEFFREY SMITH, et al.              )
                                   )
        Defendants.                )


<u>ANSWER OF DEFENDANTS MASSACHUSETTS DEPARTMENT OF CORRECTION,
SMITH, GROSSI, ALLEN, FARIA, AND THERIEN</u>

        Now come defendants Massachusetts Department of Correction, Smith, Grossi, Allen,

Faria, and Therien, in the above-captioned matter, and answer plaintiff's complaint paragraph by

paragraph as follows:

<u>Introduction</u>

        The allegations contained in this paragraph are introductory in nature and do not require

a responsive pleading.  To the extent that the plaintiff alleges that the defendants violated any

law policy or regulation, the allegations are denied.

<u>Parties</u>

1.      Admitted.

2.      The defendants admit the allegations contained in the first sentence of this paragraph.

The remaining allegations state conclusions of law and do not require a responsive pleading.

3.      The defendants admit the allegations contained in the first sentence of this paragraph.

The remaining allegations state conclusions of law and do not require a responsive pleading.

2

4.      The defendants admit that Peter Allen was the Superintendent at MCI-Cedar Junction at times relevant to the complaint.  The remaining allegations state conclusions of law and do not require a responsive pleading.

5.      The defendants admit that Michael T. Maloney was the Commissioner of the Department of Correction at times relevant to the complaint.  The remaining allegations state conclusions of law and do not require a responsive pleading.

6.      The defendants admit the allegations contained in the first sentence of this paragraph. The remaining allegations state conclusions of law and do not require a responsive pleading.

7.      The defendants admit the allegations contained in the first sentence of this paragraph. The remaining allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.

8.      The defendants admit that the Department of Correction is an agency of the Commonwealth.  The remaining allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.

Facts

1.      Admitted, except that the correspondence to Sgt. Ernest Therien is dated 3/24/02 not 2/24/02 and that the correspondence dated 3/21/02 was to the MCI-CJ Disciplinary Office not Peter Allen.  Defendants further state that plaintiff's Exhibit A speaks for itself but is not the complete administrative record relative to disciplinary report 02-0563.

2.      Disciplinary Report 02-0563 speaks for itself and any remaining allegations contained in this paragraph are denied.

3

3.      The allegations contained in the first sentence of this paragraph are admitted.  The defendants admit that William Faria was the disciplinary hearing officer and deny any remaining allegations contained in this paragraph.

4.      The defendants admit plaintiff arrived for the hearing and challenged the impartiality of the hearing officer and the challenge was denied.  The defendants further admit plaintiff was informed that he failed to request any witnesses and that the plaintiff left the hearing.  The defendants deny any remaining allegations contained in this paragraph.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      The allegations contained in the first sentence of this paragraph are admitted.  The defendants are without sufficient information or knowledge with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

10.     The defendants admit plaintiff sent to the disciplinary office a request for evidence form.  The request speaks for itself and defendants deny any remaining allegations contained in this paragraph.

11.     The defendants admit that on 3/22/02 plaintiff received an Evidence Produced to Inmate Form and attached 9-page letter with envelope.  The form speaks for itself and defendants deny any remaining allegations contained in this paragraph.

12.     The disciplinary hearing form speaks for itself.  The defendants admit plaintiff submitted

4

a written request for evidence form and deny any remaining allegations contained in this paragraph.

13.     The disciplinary report and sexual story speak for themselves.  The defendants deny the remaining allegations contained in this paragraph, except that the defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations concerning plaintiff's youth and sexual orientation.

14.     Denied.

15.     The allegations contained in this paragraph state conclusions of law and do not require a responsive pleading, any remaining factual allegations are denied.

Paragraphs 16 - 34 cite conclusions of law and do not require a responsive pleading.  To the extent these paragraphs state mixed allegations of fact and law they are denied.

35.     The defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in this paragraph.

36.     The defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in this paragraph.

37.     The defendants admit plaintiff has filed numerous state court lawsuits and are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in this paragraph.

38.     The statement of reason for sanction speaks for itself and the defendants deny any remaining allegations contained in this paragraph.

39.     Denied.

5

40.    Denied, except that defendants admit the Department Disciplinary Unit is a high security section within MCI-Cedar Junction.

41.    The allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.  To the extent they allege mixed questions of law and fact they are denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    The allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.

46.    The allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.

47.    The defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in this paragraph, except that the defendants deny any of plaintiff's rights were violated.

Paragraphs 48-58.    The allegations contained in these paragraphs state conclusions of law and do not require a responsive pleading.  To the extent mixed questions of law and fact are asserted the factual allegations are denied.

<u>Claims for Relief</u>

The allegations contained in paragraphs 1-10 are denied.

<u>Prayers for Relief</u>

The defendants oppose each and every of plaintiff's requests for relief contained in paragraphs

6

1-6.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.      The defendants at all times acted within their official discretion.

3.      The defendants at all times acted reasonably, without malice, recklessness, or disregard of the plaintiffs' rights and with the good faith belief that their actions were lawful and not in violation of any of plaintiff's rights.

4.      The defendants are entitled to qualified immunity.

5.      The defendants are entitled to sovereign immunity.

## JURY CLAIM

The defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANTS
Smith, Grossi, Allen, Faria, Therien and Massachusetts
Department of Correction
By their Attorneys

NANCY ANKERS WHITE
Special Assistant Attorney General


____/s/ Philip W. Silva____
Philip W. Silva, Esq.
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA. 02324
Tel. No. (508) 279-4543
B.B.O. No. 548175

7

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail on December 16, 2004.


 /s/ Philip W. Silva
Philip W. Silva, Esq.