UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH PETER SCHMITT, | ) | |
| | ) | |
| v. | ) | C.A. No. 2004-10451-RWZ |
| | ) | |
| JEFFREY SMITH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR COURT ORDER FOR DEFENDANTS TO PRODUCE A TRUE COPY OF SUFFOLK SUPERIOR COURT CIVIL ACTION NUMBER SUCV 2002-02562 BY DEFENDANT MASSACHUSETTS DEPARTMENT OF CORRECTION**

Now comes the above-named defendant, by and through the undersigned counsel, and opposes plaintiff's motion for a court order for defendants to produce a true copy of Suffolk Superior Court Action Number SUCV 2002-02562.

As reason therefore, the Defendant Department of Correction states as follows:

1. Both the instant action and a related civil action before this Court, No. 2004-10717, involve challenges to prison disciplinary proceedings involving the plaintiff. Nowhere in either complaint does the plaintiff assert claims against the named defendants for lost or negligently handled legal property. Even had such claims been made they would more properly have been brought as state law claims under Mass.Gen. Laws c. 258.

2. Nonetheless, the instant motion seeks to have this Court impose upon the Department of Correction the burden and approximate expense of $6,425.00 for copying state court civil action files that have no apparent relationship to the underlying cases

before this court.[1] Plaintiff may access copies of the case files through the state court system. It appears he simply doesn't want to bear the expense associated with ordering the materials from the state court.[2]

3.   Moreover, it appears that the materials sought by plaintiff may include sexually explicit matter which plaintiff has been prevented from receiving or possessing at the Massachusetts Treatment Center for the Sexually Dangerous. To the extent such sexually explicit materials are related to the underlying disciplinary matters before this Court and have not already been filed with the court, the defendants are prepared to submit the materials for *in camera* inspection at the appropriate time.

Wherefore, the defendant Department of Correction respectfully requests that the motion for a court order requiring the Department of Correction to provide plaintiff with copies of state court case files including Suffolk Superior Court Action Number SUCV 2002-02562 be denied.

Respectfully submitted,
Defendant Department of Correction

By its attorneys:

NANCY ANKERS WHITE
Special Assistant Attorney General


   /s/ Philip W. Silva
Philip W. Silva, Esq.
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA  02324
(508) 279-4543
B.B.O. #548175

---

[1] Since the state court actions were dismissed without prejudice defendants have not even raised a *res judicata* defense. See Docket Sheet for SUCV 2002-02562, Docket Entry #15. A copy of the Docket Sheet is attached hereto as Exhibit A.

[2] The estimated costs are taken from the state court estimate contained in the attached docket sheet at docket entry #18. The state court denied plaintiff's request to waive the cost associated with his request for copies of eight court file cases.

3

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail on December 23, 2004.

                                                /s/ Philip W. Silva
                                                Philip W. Silva, Esq.