UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PETER SCHMITT, PRO SE, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> JEFFREY SMITH, ET AL, ) <br> ) <br> DEFENDANTS. ) | C.A. No. 2004-10451-RWZ |

EMERGENCY REPLY TO
COMMONWEALTH'S OPPOSITION

Now comes the above-named Plaintiff and submits an emergeny reply to Commonwealth's opposition to Plaintiff's motion for court order for defendants to produce a true copy of Suffolk Superior Court civil action number SUCV 2002-02562 by defendant Massachusetts Department of Correction.

As reason therefore, the Plaintiff states as follows:

1. Counsel for the defendants allege my instant civil action and a related civil action before this Court, No. 2004-10717, involve challenges to prison disciplinary proceedings. In fact these civil actions involve blatant violations of Plaintiff's guaranteed First Amendment Civil Rights.

2. Counsel for the defendants include the fact that I do not assert claims against the named defendants for lost or negligently handled legal property. This is a pointless subject to bring to bar. It is designed to prejudice the Plaintiff and take the weight off the illegal actions of the defendants as the defendants own

institutional documents, correspondence and correspondence from a credible attorney prove, all said documents are attached to the original motion being oppsed. Plaintiff clearly made every attempt to regain his lawful property and faced nothing short of lies and deceit from the named defendants.

3. Counsel for the defendants continue to include blatantly untrue allegations designed to prejudice the Plaintiff by stating that a copy of Suffolk Superior Court Civil Action Number SUCV 2002-02562 would burden the defendants with the approximate expense of $6,425.00. Plaintiff was forced to accept a dely in the defendants response so counsel could, in part, investigate Plaintiffs claims, yet with over a month of extended time to reserch facts and the defendants counsel fails to state true facts when the facts are so easily accessible. The $6,425.00 is the cost for sixteen civil actions which totals over 2,500 pages. All the defendants counsel need do is simply read the exhibit he himself attached to his opposition. Plaintiff can not determine the exact amount of pages of his Suffolk Superior Court civil action for which he is requesting this Honorable Court to order the defendants to produce - which is only fair and just considering the evidence provided to show liability on the part of the defendants - but would venture a guess that said civil action has less than one hundred pages. This clearly would not cost anywhere near the exagerated costs that defendants counsel is attempting to make this Honorable Court believe.

4. Counsel for defendants allege that the request copy of Suffolk Superior Court civil action number SUCV 2002-02562 has no apparent relationship to the underlying cases before this court. Again this

is another example of defendants counsels attempts to prejudice this Honorable Court against the Plaintiff. The Suffolk case being requested is totally relevant to the instant action, exactly as the Plaintiff explained in his original motion.

5. Counsel for the defendants allege that it appears that Plaintiff simply doesn't want to bear the expense associated with ordering the materials from the state court. Plaintiff has submitted a vast amount of undisputable evidence that shows the defendants confiscated my case file(s), lied about doing so, and deprived me of Due Process by corruptly stealing my files and refusing to replace them. There is no reason Plaintiff should be burdened further due to the illegal actions of the defendants. The court if it pleases should review the excibits attached to Plaintiff's October 22,2004 Motion for the court to order the defendants to produce a true copy of Suffolk Superior Civil Court action number SUCV2002-02562 Schmitt v. Smith, et al. These exhibits lay out the long delay forced upon this PLaintiff by the defendants and concludes with the fact that the defendants legal department turned over the illegally obtained material to the Worcester District Attorney. (see exhibits 'A', 'B', 'C', 'O' and 'P').

6. Counsel for defendants alleges that materials sought by Plaintiff may include sexually explicit material which Plaintiff has been prevented from receiving or possessing at the Massachusetts Treatment Center - Correctly called the Nemansket Correctional Center. The material sought by Plaintiff is exactly as stated in his motion, the civil action entitled Schmitt v. Smith et al SUCV 2004-02562. This action does not contain any sexually explicit material at all.

In fact the sexually explicit material that pertains to the instant action has already been filed with this Court. See Plaintiff's March 4, 2004 letter addressed to the Clerk of Court. It contains Exhibit "A" a nine page letter dated March 13,2002 intended for Plaintiff's adult homosexual friend, Joseph T. Chavez.

7.  Counsel for defendants clearly controdict himself. First counsel alleges that it would cost $6,425.00 to get the material copied from the state court. In conclusion counsel states that defendants are prepaired to submit the material for in camera inspection at the appropriate time which clearly proves that said defendants are in full possession of sought after documents.

8.  Plaintiff has had civil actions dismissed by Suffolk Superior Civil Court for allegedly being less than fully candid with the court. However, here is a professional attorney for the defendants making allegations blatantly misleading and erroneous designed to prejudice this Honorable Court against the Plaintiff. Plaintiff must request that said Court issue sanctions against defendants counsel for his unprofessional conduct.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court allow Plaintiff's Motion for Court Order for Defendants to Produce A True Copy Of Suffolk Civil Action SUCV2002-02562.

Dated: December 27,2004

                                 Respectfully Submitted,

                                 Joseph Peter Schmitt, Pro se
                                 30 Administration Road
                                 Bridgewater, MA. 02324-3230