```
JOSEPH PETER SCHMITT, PRO SE    )
        PLAINTIFF,              )
                                )
   vs                           )   C.A. No. 2004-10451-RWZ
                                )
JEFFREY SMITH, ET AL.,          )
        DEFENDANTS              )
```

PLAINTIFF'S PRO SE MEMORANDUM OF LAW

Defendants allege the story, Rain Dance, for which this action is based upon, is CHILD PORNOGRAPHY [Justice Rya W. Zobel appears to share this assumption which was expressed during the Scheduling Conference dated January 25, 2005].

Neither State statutes, Federal U.S.C.A. or the Omnibus Appropriation Act of 1997, Sec. 121, cited as the Child Pornography Prevention Act of 1996, (C.P.P.A.) classifies such written material as child pornography because it records **no crime nor creates no victim by its production and has not been found to be intrinsically related to the sexual abuse of children,** thus retaining **full protection under the First Amendment.** Under; Law of 104th Congress, 2nd session P.L. 104 - 208, Omnibus Appropriation Act of 1997, 110 Stat. 3009 - 26, 27, and 28, Sec. 121, Subsection 2. Definition, Sec. 2256 of title 18, United States Code (8) Child Pornography means; **any visual depictions, or generated images of sexually explicit conduct involving minors.** This entire section of Sec. 121, the law of the 104th Congress deals directly with Child Pornography and in its construction **is void of any and all construction pertaining to written expressions of such material.**

Also, see OHIO vs BRIAN DOLTON, cite unknown. Case involves similar issues.

Respectfully submitted,

Joseph P. Schmitt, pro se