UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB -1  P 2:32
U.S. DISTRICT COURT
DISTRICT OF MASS

JOSEPH PETER SCHMITT, )
    Plaintiff, )
 )
vs. ) C.A. No. 2004-10451-RWZ
 )
JEFFREY SMITH, ET.AL., )
    Defendants )

PLAINTIFF'S AFFIDAVIT REGARDING SCHEDULING
CONFERENCE ON JANUARY 25, 2005

Now comes the Pro Se Plaintiff, Joseph Peter Schmitt, and makes the following affidavit under pains and penalties of purjury.

During the above noted scheduling conference plaintiff was shackled and handcuffed to a belly chain which was excessively tight. I was not forewarned of the scheduled conference and had none of my personal files with me.

Because of the above facts Plaintiff must now make this sworn affidavit to the Court as he was so ill prepared to elaborate on his intentions regarding this case and the other case filed in this court [Schmiit vs Mulvey et al 2004-10717-RWZ].

Plaintiff would first like to bring to the court's attention the fact that his Due Process is being denied by his inability to make service upon defendant Michael T. Maloney. Plaintiff filed a motion entitled "EMERGENCY REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL" dated December 27,2004. The Court, as far as Plaintiff has been informed, has not made a ruling on this

motion, yet the Court seems to be pushing the case forward.

The Court has not made a ruling on Plaintiff's motion entitled, "EMERGENCY REPLY TO COMMONWEALTH'S OPPOSITION" dated December 27,2004. The Court in Plaintiff's layman view of justice must review all the material filed into this action by all parties and must make a ruling on each and every motion filed in order for the truth to come out.

The Court has not made a ruling on Plaintiff's motion entitled, "PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING [14] MOTION FOR ORDER" dated January 15,2005.

The Court has not made a ruling on Plaintiff's motion entitled, "PLAINTIFF'S MOTION FOR MEMORANDUM OF DECISION REGARDING JUDGE RYA W. ZOBEL'S DENIAL OF PLAINTIFF'S [14] MOTION FOR ORDER FILED ON 1/12/2005" dated January 19,2005.

Plaintiff clearly has the right to have his motions reviewed and ruled upon by the presiding judge. Plaintiff made it very clear to the Court, R.W. Zobel, that he has no clue as to how to go on in this action and the related case. Plaintiff does however intend to file Interrogatories with the defendants counsel which shall strengthen plaintiff's cases as facts will come to light.

During the phone conference of January 25,2005 Justice R.W. Zobel questioned the Plaintiff's beliefs that the material involved in this action was not <u>child pornography</u>. Said Justice is respectfully requested to review the complaint as plaintiff did include sufficient case law to prove beyond doubt that the material written by plaintiff, considered to be child pornography by the defendants is in fact not child pornography by letter of law. The material written by plaintiff has the full protection of the First Amendment.

Defendants will undoubtably try to claim that the material in question, specifically a nine (9) page letter addressed to Joseph T. Chavez containing a true life story of Plaintiff and his younger male intimate friend entitled "Rain Dance," **is a threat** to the institutions security. Facts that must be clear to this Court are that the Plaintiff was housed in DDU (Department Disciplinary Unit) where inmates are highly secured twenty three hours a day and have absolutely no physical contact with any fellow inmates. Plaintiff received absolutely no sex offender treatment while incarcerated in DDU. Defendants absolutely have no realistic reasons to CHILL the Plaintiff's First Amendment Guaranteed Constitutional Right. Plaintiff has supplied this Court with ample case law to back his case and for the Court to rule in favor of the Plaintiff.

On this day, January 28, 2005, plaintiff received a package from defence counsel, Philip W. Silva containing three seperate disciplinary cases involving the plaintiff. These cases **are indicated** as: MCI-CJ No. 02-0563, MCI-CJ No. 02-0344 and MCI-CJ No. 01-1583. The latter disciplinary case has nothing to do with the cases before this court and should not be introduced into either case by defendants counsel. In reality Disciplinary case No. MCI-CJ No. 02-0563 is the basis for Civil Action No. 04-10451 Schmitt vs Smith et al. The evidence withheld by defendants, 9 page story of plaintiff's youth entitled Rain Dance has been obtained by plaintiff and filed with this court. Disciplinary case No. MCI-CJ 02-0344 is the basis for Civil Action No. 04-10717 Schmitt vs Mulvey et al. The evidence withheld be defendants counsel is [according to same counsel] 12 pages. These twelve pages consist of a story entitled AWeekend In Paradice.

(4)

The fact that plaintiff is the author of this story, and the fact that he is no longer a prisoner nor is he being detained in a prison as defined by the PLRA (see King vs Greenblatt 53 F.Supp. 2nd 117, 138 (D.Mass 1999) plaintiff has the absolute right to possess a true copy of the material in question. Furthermore, CMR Policy clearly dictates that all the material involving the forementioned disciplinary cases for which there are active civil actions before this court must be returned to plaintiff as the three year time limit for the defendants to keep the evidence is about to expire. Plaintiff will issue a formal request to have this and a great deal of other illegally confiscated personal property returned to him and/or mailed to a specific attorney/non-attorney.

    Plaintiff has filed a motion for counsel to be appointed. The defendants counsel alleges that I am doing a fine job representing my cases. The court must understand that plaintiff is facing a civil committment under MGL.c. 123A and the cases before this court have a great impact on the possible outcome of the state court action. The law can not be twisted and turned to meet the standards or whims of the defendants. Plaintiff has rights and depends fully on this court to uphold and protect them. Plaintiff intends to produce sufficient evidence to this court to show that the defendants acted with malice, sexual discrimination and pure vandictiveness because of the plaintiff's criminal offenses and sexual preference and the fact that he chose to use his First Amendment Constitutional Right by writing stories that are offensive to defendants morals and beliefs.

    **In Conclusion,** the Plaintiff respectfully requests that this

(5)

Honorable Court review all mentioned motions filed and as of yet unanswered and make a ruling before going on with this case. This is simply to ensure that Due Process and Equal Protection by the Court is being fulfilled for the Plaintiff who is an unskilled pro se litigant in these actions before the Court.

Signed under the pains and penalties of purjury this 28th day of January in the year 2005

January 28,2005

Joseph Peter Schmitt, pro se
MA. Treatment Center
30 Administration Road
Bridgewater, MA. 02324-3230

### CERTIFICATE OF SERVICE

I, the undersigned pro se plaintiff, hereby certify that a true copy of the above affidavit was served upon counsel for the defendants, Philip W. Silva, by pre paid first class mail on January 29,2005

Joseph Peter Schmitt, pro se