103 CMR 481.00:    INMATE MAIL

Section

481.01:  Purpose
481.02:  Authorization
481.03:  Cancellation
481.04:  Applicability
481.05:  Access to Regulations
481.06:  Definitions
481.07:  Institutional Procedures
481.08:  Collection and Distribution of Mail
481.09:  Amount of Mail
481.10:  Free Postage for Indigent Inmates
481.11:  Privileged Mail
481.12:  Identification and Processing of Privileged Mail
481.13:  Inspection of Non-privileged Correspondence and Packages
481.14:  Reading/Disapproval of Outgoing Non-privileged Correspondence
481.15:  Reading/Censoring/Disapproval of Incoming Non-privileged Correspondence/Publications
481.16:  Procedural Requirements for Disapproval of Incoming Correspondence/Publications
481.17:  Procedural Requirements for Disapproval of Outgoing Mail
481.18:  Return Address on Outgoing Mail
481.19:  COD Mail Prohibited
481.20:  Prohibited Correspondence
481.21:  Prohibition on Inmate-to-Inmate Correspondence
481.22:  Forwarding Mail
481.23:  Time Limits
481.24:  Emergencies
481.25:  Responsible Staff
481.26:  Annual Review Date
481.27:  Severability Clause

481.01:  Purpose

The purpose of 103 CMR 481.00 is to establish rules governing the sending and receiving of mail by inmates confined in state correctional institutions. The Department recognizes the importance of the use of the mail by inmates to maintain appropriate contact with the community.

481.02:  Authorization

103 CMR 481.00 is promulgated pursuant to M.G.L. c. 124, § 1(b), 1(c), 1(q) and c. 127, § 87. 103 CMR 481.00 is not intended to confer any procedural or substantive rights or any private cause of action not otherwise granted by state or federal law.

481.03:  Cancellation

103 CMR 481.00 cancels all previous departmental and institutional policy statements, bulletins, directives, orders, notices, rules or regulations regarding inmate mail or correspondence, which are inconsistent with 103 CMR 481.00.

481.04:  Applicability

103 CMR 481.00 is applicable to all employees and inmates at all state correctional institutions within the Department of Correction.

481.05:  Access to Regulations

103 CMR 481.00 shall be maintained within the Central Policy File of the Department and shall be accessible to all Department employees. A copy of 103 CMR 481.00 shall also be maintained in each Superintendent's Central Policy File and at each inmate library.

4/26/02                                                                                                              103 CMR - 223

EXHIBIT B

481.06:   Definitions

>Appellant - An inmate or outside sender who appeals the disapproval of mail.

>Appellate Authority - The official to whom a written appeal of disapproval of mail may be directed.

>Associate Commissioner, Operations - The Associate Commissioner for Operations for the Department of Correction.

>Commissioner - The Commissioner of the Department of Correction.

>Deputy Superintendent - A deputy administrative officer of a state correctional institution.

>Indigent Inmate - Upon request for waiver of fees or cost, an inmate may be declared indigent if:
>   (a) At the time of the request, the inmate has, in all accounts to which he or she has access, a total amount less than or equal to $10.00 plus the cost or fees sought to be waived; and
>   (b) At no time for the 60 days immediately preceding said request, have the inmate's accounts contained more than $10.00 plus the cost or fees sought to be waived. (e.g. request to waiver $5.00 on July 1, 1998; indigent if, at no time since May 1, 1998, total in accounts has been more than $15.00).
>   In addition to the above definition, the superintendent may in his discretion, designate an inmate as indigent if the inmate has less than $2.00 in his account at the time of the request, or in other circumstances as he or she deems appropriate.

>Mail Officer - The employee at a correctional institution whose duties include the processing of mail.

>Nudity - A pictorial depiction where genitalia, buttocks or female breasts are exposed. Publications containing nudity illustrative of medical, educational, or anthropological content may be excluded from this definition.

>Publication - any book, booklet, pamphlet, magazine, periodical, newsletter, newspaper, or similar document, including stationery and greeting cards, published by any individual, organization, company, or corporation which is distributed or made available through any means or media for a commercial purpose. This definition includes any portion extracted, photocopied, or clipped from such items.

>Sexually Explicit - A pictorial depiction of actual or simulated sexual acts including sexual intercourse, anal or oral sex, or masturbation or material which promotes itself based upon such depictions on a routine or regular basis or in individual one-time issues.

>Superintendent - The chief administrative officer of a state correctional institution.

481.07:   Institutional Procedures

The superintendent at each correctional institution shall develop written institutional policies designed to implement 103 CMR 481.00. Institutional policies regarding mail shall conform to the requirements set forth in 103 CMR 481.00 and shall be subject to the approval of the commissioner or a designee. Institutional policies shall be submitted within 60 days of receipt by the institution of 103 CMR 481.00.

481.08:   Collection and Distribution of Mail

>(1) Outgoing mail shall be collected directly from a locked mail box by an employee, in accordance with an established schedule, at least once each day, except Sundays and postal holidays. At no time shall outgoing mail be collected or otherwise handled by an inmate. All outgoing mail, including inter and intra-office mail, shall be processed through the institutional mailroom.

481.08: continued

(2) Incoming mail shall be distributed directly to the receiving inmates by an employee, in accordance with an established schedule, at least once every day except Sundays and postal holidays, unless an article of mail is held pursuant to the provisions of 103 CMR 481.15 and 481.16. At no time shall incoming mail be distributed or otherwise handled by an inmate nor shall mail be left by the distributing employee on a table or other commonly accessible place. Nothing in 103 CMR 481.08 shall limit the right of a superintendent to withhold delivery of publications from an inmate serving disciplinary isolation time until the completion of said isolation time.

(3) Outgoing mail shall be delivered to the post office and incoming mail shall be delivered to the inmates, within 24 hours of collection, from the inmates or pick up at the post office, except where an article of mail is held pursuant to the provisions of 103 CMR 481.15 and 481.16.

481.09: Amount of Mail

Except as provided in 103 CMR 481.10 where an inmate requests free postage, there shall be no limitation placed on the number of persons with whom an inmate may correspond, nor shall there be any limitation on the number of letters an inmate may send or receive.

481.10: Free Postage for Indigent Inmates

Indigent inmates shall be permitted to mail three letters first class weighing one ounce or less each week at institution expense. In addition, an indigent inmate shall be permitted, where necessary, to send an unlimited number of letters of any weight to any court official at institution expense. A charge shall not be placed against future deposits to an inmate's account for the cost of postage and materials supplied in accordance with 103 CMR 481.10.

431.11: Privileged Mail

(1) Inmates shall be permitted to mail to and receive letters from the following persons in accordance with the procedures set forth in 103 CMR 481.12:
 (a) Any officer of a court of the United States or of the Commonwealth of Massachusetts (judge, attorney, clerk, parole board members, probation or parole officers);
 (b) The President or Vice President of the United States or the Governor of the Commonwealth of Massachusetts;
 (c) Any member of the Congress of the United States or any member of the General Court of the Commonwealth of Massachusetts;
 (d) The Attorney General of the United States or the Attorney General of the Commonwealth of Massachusetts;
 (e) The Director or any agent of the Federal Bureau of Investigation or the Commissioner of the Massachusetts Department of Public Safety;
 (f) The Superintendent of the state correctional institution in which the inmate is confined, an Associate or Deputy Commissioner of Correction or the Commissioner of the Massachusetts Department of Correction;

(2) Inmates and persons with whom inmates may correspond as provided in 103 CMR 481.11(1) shall not use or permit others to use authorized privileged mail for personal non-legal or non-official correspondence, the transmission of contraband, or the transmittal of communications to be given or forwarded to persons not specified in 103 CMR 481.11(1). Persons receiving unauthorized privileged mail, correspondence intended for a party other than the addressee, or letters or packages for forwarding should submit such communications or materials to the superintendent of the institution in which the inmate is confined. Inmates who fail to submit such communications or materials to the superintendent shall be subjected to disciplinary action.

481.12: Identification and Processing of Privileged Mail

(1) Outgoing privileged mail shall not be opened for inspection or any other purpose or otherwise impeded in its transmission, if it meets the following requirements:

4/26/02 103 CMR - 225

481.12:  continued

    (a)  it is addressed to a person listed in 103 CMR 481.11(1);
    (b)  it includes the inmate's name and return address on the outside of the envelope.
    (c)  it has been marked by the institution to indicate to the addressee that it has not been inspected or opened;
    (d)  it successfully passes a fluoroscope examination for contraband material, if mailed from a security level four, five, or six facility or if mailed from a security level one, two, or three facility when requested by the Superintendent and approved by the Commissioner;

(2) Outgoing privileged mail that does not successfully pass a fluoroscope examination shall be processed as follows:
    (a)  the inmate whose name appears on the return address shall be notified of the unsuccessful fluoroscope examination of the correspondence or package;
    (b)  if the inmate acknowledges that he is the sender of the correspondence or package, he will be asked, when appropriate, to open the correspondence or package for inspection;
    (c)  if an inmate refuses to open such correspondence or package for inspection upon request, the addressee's permission to open and inspect the package will be sought unless circumstances require the matter to be referred to the appropriate law enforcement agency by the Superintendent (*e.g.*, U.S. Postal Service, State Police, Federal Bureau of Investigation, district attorney) for handling as appropriate, and the Commissioner shall be notified.

(3) Incoming privileged mail may be required to successfully pass a fluoroscope examination for contraband material but shall not be opened by an employee except in the presence of the addressee inmate for the sole purpose of ascertaining that its contents are free of contraband.
    The purpose of the inspection will be to receive and receipt any funds enclosed for the inmate; to verify and record the receipt of permitted personal property; and to prevent the transmission of contraband to the inmate. The processing of funds, permitted personal property and contraband found in mail shall be in accordance with departmental Personal Property Regulations, 103 CMR 403.00, *et seq.*

### 481.13:  Inspection of Non-privileged Correspondence and Packages

(1) All incoming non-privileged correspondence and packages may be required to successfully pass a fluoroscope examination for contraband materials, and shall be opened and inspected before delivery to the inmate. The purpose of inspection will be to receive and receipt any funds enclosed for the inmate; to verify and record the receipt of permitted personal property; and to prevent the transmission of contraband to the inmate. The processing of funds, permitted personal property and contraband found in correspondence shall be in accordance with departmental Personal Property Regulations, 103 CMR 403.00 *et seq.*

(2) All outgoing non-privileged correspondence and packages being sent from security level four, five, or six facilities shall be required to successfully pass a fluoroscope examination for contraband materials. All outgoing non-privileged correspondence and packages being sent from a security level one, two, or three facilities may be required to successfully pass a fluoroscope examination for contraband materials when requested by the Superintendent and approved by the Commissioner. The opening and inspection of outgoing non-privileged mail and packages at all security level facilities shall be at the discretion of the superintendent to prevent the transmission of materials and/or information which represents a threat to security, order, rehabilitation or public safety, or appears to contain material not addressed to the addressee, but rather, material intended for other parties.

(3) Notice shall be sent to the sender and the addressee whenever contraband is confiscated, provided that the address is known. Such notice shall satisfy the requirements of 103 CMR 481.16 and 481.17.

### 481.14:  Reading/Disapproval of Outgoing Non-privileged Correspondence

It is the policy of the Massachusetts Department of Correction not to read or censor outgoing mail, except where necessary to protect legitimate governmental interests.

481.14: continued

(1) The superintendent may authorize the reading of outgoing non-privileged correspondence when in his opinion such action is necessary to prevent the transmission of materials and/or information which represents a threat to security, order, rehabilitation or the public safety.

(2) For outgoing mail, such authorization may be granted when the superintendent has received specific information that a particular inmate's mail contains information which may jeopardize institutional security, order, rehabilitation or the public safety. Ordinarily, such specific information shall indicate that the contents of the outgoing correspondence fall as a whole or in significant part into any one of the following categories:
  (a) transmittal of plans for escape or to introduce contraband into the prison;
  (b) plans for criminal activity or any activity which violates any departmental or institutional rule, regulation, order or policy;
  (c) correspondence written in code;
  (d) threatening or harassing correspondence, including the sending of sexually explicit material to unwilling recipients;
  (e) correspondence containing unsanitary or hazardous material (e.g. feces, insects, dirt, debris);
  (f) extortion demands;
  (g) sending cash, drugs, jewelry or other contraband outside the prison;
  (h) where the recipient has previously requested not to receive correspondence from the inmate pursuant to 103 CMR 481.20;
  (i) improper or no return address;
  (j) where the correspondence contains material not intended for the addressee, but rather, material intended for other parties.
Where outgoing mail is read pursuant to 103 CMR 481.14, and prohibited information is found, the mail or relevant portion thereof may be confiscated. Notice of a confiscation shall be given to the inmate in accordance with 103 CMR 481.17.

(3) No employee may read inmate mail unless authorized to do so by the commissioner or the superintendent.

(4) Any employee reading inmate mail pursuant to the commissioner's or superintendent's authorization shall record such action in a log book maintained for such purpose.

481.15: Reading/Censoring/Disapproval of Incoming Non-privileged Correspondence/Publications

(1) Incoming Correspondence. It is the policy of the Massachusetts Department of Correction not to read, censor, or disapprove incoming correspondence, except where necessary to protect legitimate governmental interests.

(2) The superintendent may authorize the reading, censoring or disapproval of incoming non-privileged correspondence only to prevent interference with institutional goals of security, order, discipline, or if it might facilitate, encourage or instruct in criminal activity; disapproval shall not be based upon an employee's personal views of the merit of such correspondence. The deputy superintendent or his designee may disapprove receipt by an inmate of non-privileged correspondence, the contents of which fall as a whole or in significant part into any one of the following categories:
  (a) Depicts or describes procedures for the construction or use of weapons, ammunition, bombs or incendiary devices;
  (b) Depicts, describes, or encourages methods of escape from correctional facilities, or contains blueprints, drawings or similar descriptions of any correctional institution within the Commonwealth;
  (c) Depicts or describes procedures for the brewing of alcoholic beverages, or the manufacture of drugs;
  (d) Is written in code;
  (e) Depicts, describes or encourages activities that may lead to the use of physical violence or group disruption;
  (f) Encourages or instructs in the commission of criminal activity;
  (g) Sexually explicit material or material which features nudity which by its nature or content poses a threat to the security, good order, or discipline of the institution.

481.15: continued

(3) Incoming Publications.
(a) The deputy superintendent may reject a publication within a reasonable time from receipt to prevent interference with institutional goals of security, order, rehabilitation, or if it might facilitate, encourage or instruct in criminal activity. The deputy superintendent may not reject a publication solely because its content is religious, philosophical, political, social, or because its content is unpopular or repugnant. Publications which may be rejected by a deputy superintendent include, but are not limited to, publications which fall within one of the categories listed in 103 CMR 481.15(1)(a) through (g). An inmate may not receive more than one copy of a particular issue of a publication, newsletter, *etc.*
(b) Publications may be excluded solely because they contain sexually explicit material or feature nudity as defined in 103 CMR 481.06. In addition, the deputy superintendent of the Treatment Center, with the approval of the Commissioner, may exclude additional types of material that may interfere with the treatment and rehabilitation process at that institution.
(c) It is the deputy superintendent's decision as to whether or not a publication should be excluded.
(d) Sexually explicit material does not include material of a news or information type, or material illustrative of medical, educational, or anthropological content. Publications covering activities of gay rights organizations or gay religious groups, for example, should be admitted.
(e) Deputy superintendents may not establish an excluded list of publications. Deputy superintendents should review each issue of a subscription publication prior to rejection of the issue. Rejection of several issues of a subscription publication is not sufficient reason to reject the subscription in its entirety.
(f) Where a publication is rejected, the procedural requirements of 103 CMR 481.16 shall be followed. The notice required by 103 CMR 481.16 shall contain reference to the specific article(s) or material(s) considered objectionable.

481.16: Procedural Requirements for Disapproval of Incoming Correspondence/Publications

(1) Correspondence. When any correspondence, or portion thereof, addressed to an inmate is received at the institution but is not delivered to the inmate for any reason set forth in 103 CMR 481.15, the inmate, and the sender when identifiable, shall be promptly notified, in writing, of the following:
(a) the reason(s) for refusing to deliver the correspondence or a portion thereof to an inmate;
(b) the fact that a written appeal may be submitted by the inmate or sender to the superintendent.

(2) Publications. When any publication addressed to an inmate is received at the institution but is not delivered to an inmate for any reason set forth in 103 CMR 481.15, the inmate, and the publisher when identifiable, shall be promptly notified, in writing, of the following:
(a) the reason(s) for refusing to deliver the publication to an inmate(s);
(b) the fact that a written appeal may be submitted by the inmate or publisher to the superintendent.

(3) A single notice of rejection to the publisher from a particular institution or the Department shall be sufficient where more than one inmate at the institution or within the Department receives the subscription publication.

(4) The deputy superintendent may permit the inmate an opportunity to inspect, in the presence of correctional personnel, any disapproved material for purposes of filing an appeal unless such review may provide the inmate with information of a nature which is deemed a threat or detriment to the security, good order or discipline of the institution or which might encourage or instruct in criminal activity.

(5) The superintendent shall, within a reasonable time from receipt of such an appeal, make a decision and notify the appellant.

(6) Where criminal activity is suspected, in addition to the foregoing procedures, the matter shall be referred to the appropriate law enforcement agency by the superintendent (*e.g.*, U.S. Postal Service, F.B.I., district attorney), and the Commissioner shall be promptly notified.

481.17:   Procedural Requirements for Disapproval of Outgoing Mail

(1) When any mail, or a portion thereof, whether privileged or non-privileged, is not mailed either because it fails to successfully pass a fluoroscope examination or its contents fall as a whole or in significant part into any one of the categories listed in 103 CMR 481.15(2)(a) through (g), the inmate shall be promptly notified in writing of the following:
   (a) the reason for refusal to send the mail, or a portion thereof; and
   (b) the fact that a written appeal may be submitted by the inmate to the named appellate authority.

(2) The appellate authority shall, within a reasonable time of the receipt of such an appeal, make a decision and notify the appellant.

(3) The appellate authority, who shall be appointed by the superintendent, subject to the approval of the commissioner or his designee, shall be an employee other than the employee who originally disallowed the mail.

(4) Where criminal activity is suspected, in addition to the foregoing procedures, the matter shall be referred to the appropriate law enforcement agency by the Superintendent (*e.g.*, U.S. Postal Service, F.B.I., State Police, district attorney), and the Commissioner shall be notified.

481.18:   Return Address on Outgoing Mail

It shall be the inmate's responsibility to place his return address on the outside of all outgoing letters or packages. The return address shall include the inmate's name and the address designated by the institution for inmate mail. Letters or packages without a return address, or where the inmate denies that he is the sender of outgoing correspondence bearing his name will not be forwarded to the post office.

(2) In addition, all outgoing mail shall be stamped on the reverse side of the envelope with language indicating that the correspondence is sent from a correctional institution. Mail shall be stamped in blue ink only, the stamp shall read as follows:
   "This correspondence is forwarded from a Massachusetts Correctional Institution. The contents may not have been evaluated and the Department of Correction is not responsible for the substance or content of the enclosed material."

481.19:   COD Mail Prohibited

No collect-on-delivery (COD) letters or packages of any kind shall be sent or accepted for an inmate, except with the approval of the superintendent or his designee.

481.20:   Prohibited Correspondence

Notwithstanding any other provisions of 103 CMR 481.00, an inmate may be prohibited by the superintendent from corresponding with a particular person if that person, or the person's parent or legal guardian in the case of a minor, has requested in writing that such correspondence from the inmate be terminated. Whenever such correspondence is not mailed, the inmate shall be notified. Such notice shall satisfy the requirements of 103 CMR 481.17.

481.21:   Prohibition on Inmate-to-Inmate Correspondence

An inmate may be permitted to correspond with an inmate confined in any other correctional or penal institution in the commonwealth, providing the other inmate is either a member of the immediate family, or is a party in a legal action in which both inmates are parties representing themselves. The Superintendent may approve such correspondence in other exceptional circumstances, with particular regard to the nature of the relationship between the two inmates, and the security level of the institution. The following additional limitations apply:

(1) The Superintendents at both the sending and receiving institutions must approve of the correspondence;

481.21: continued

    (2) Such incoming or outgoing correspondence at institutions of all security levels may for reasons of safety or security be inspected and read by staff at either the sending and/or receiving institution pursuant to the authorization of the commissioner or institution superintendent in accordance with applicable guidelines and requirements set forth in 103 CMR 481.13, 481.14 and 481.15.

    (3) When an inmate's request for inmate-to-inmate correspondence is approved by both superintendents, a copy of the approval document(s) shall be placed in each inmate's six-part folder, and a copy shall be maintained in the mail room of both institutions.

    (4) Superintendents shall develop a logging process to show approval and disapprovals for inmate-to-inmate correspondence. Approved inmate-to-inmate correspondence shall be reviewed every 90 days.

    (5) The prohibition on inmate-to-inmate correspondence applies only to Department of Correction inmates incarcerated in a Department of Correction or county facility in Massachusetts.

481.22: Forwarding Mail

    (1) Mail received for an inmate who has been transferred or released from the institution where the mail is received, shall be forwarded promptly, whenever possible, or returned to the sender.

    (2) Change of address cards shall be readily available at each institution for issue to inmates, upon request, who are scheduled for transfer or release from the institution. Inmates shall be responsible for notifying their correspondents and the publishers of their subscriptions of any change of address.

    (3) Mail for inmates who are on escape status shall have their mail marked "Return to Sender" and returned to the post office. Where appropriate, return may be delayed until such time as appropriate law enforcement officials are notified.

481.23: Time Limits

    Time limits set forth in 103 CMR 481.16 and 481.17 are directory and may be modified by the superintendent or the Commissioner, under appropriate circumstances.

481.24: Emergencies

    Whenever in the opinion of the Commissioner, deputy commissioner or the superintendent of a state correctional institution, an emergency exists which requires suspension of all or part of 103 CMR 481.00, he/she may order such suspension, except that any such suspension lasting beyond 48 hours must be authorized by the Commissioner.

481.25: Responsible Staff

    The superintendent of each institution shall be responsible for implementing and monitoring 103 CMR 481.00.

481.26: Annual Review Date

    103 CMR 481.00 shall be reviewed at least annually from the effective date by the Commissioner or his designee. The party or parties conducting the review shall develop a memorandum to the Commissioner with a copy to the Central Policy File indicating revisions, additions, or deletions which shall be included for the Commissioner's written approval.

<u>481.27:   Severability Clause</u>

If any article, section, subsection, sentence, clause or phrase of 103 CMR 481.00 is for any reason held to be unconstitutional, contrary to statute, in excess of the authority of the Commissioner or otherwise inoperative, such decision shall not affect the validity of any other article, section, subsection, sentence, clause or phrase of 103 CMR 481.00.

REGULATORY AUTHORITY

103 CMR 481.00:  M.G.L. c. 124, § 1(b), 1(c), 1(q), and c. 127, § 87.