UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PETER SCHMITT )<br>)<br>)<br>v.  )     C.A. No. 2004-10451-RWZ<br>)<br>JEFFREY SMITH, et al. )<br>)<br>Defendants. ) | |

## AFFIDAVIT OF JOHN LUONGO

I, John Luongo, hereby depose and say:

1. The Massachusetts Department of Correction ("Department") employs me as the Deputy Superintendent of Programs and Classification at MCI-Cedar Junction. I have held this position since June 2002. Prior to becoming Deputy Superintendent at MCI-Cedar Junction, I held various positions for the Department of Correction including Department Director of Classification.

2. MCI-Cedar Junction is a maximum security correctional institution. The institution houses approximately 624 males, including numerous inmates convicted of sexual and violent offenses.

3. Numerous female staff are employed at the institution, holding positions such as correction officers, correction program officers, administrative and clerical staff members. In addition, there are numerous female medical and psychological service staff members employed at MCI-Cedar Junction.

4. Joseph Schmitt was an inmate housed at MCI-Cedar Junction until August 9, 2002, when he was transferred to the Massachusetts Treatment Center having completed a four to eight year sentence for two counts of rape of a child.

5. As an inmate at MCI-Cedar Junction, Schmitt was not permitted to possess or mail "sexually explicit material that by its nature or content poses a threat to the security, good order, or discipline of the institution," rehabilitation or material that "[d]epicts, [d]escribes or encourages activities that may lead to the use of physical violence or group disruption... or encourages or instructs in the commission of criminal activity."

6. Based on my experience as Deputy Superintendent, and research concerning pornography of which I am aware, the rule prohibiting sexually explicit material promotes the rehabilitation process of sex offenders and the safety and security of the institution.

7. In the context of MCI-Cedar Junction, which houses inmates serving criminal sentences for sexual crimes, there is a connection between the rule prohibiting sexually explicit material involving children and the goals of rehabilitation and preserving institutional security and good order.

8. In addition, the rule is designed to prevent the harassment of female officers and treatment providers and to help preserve institutional security. Based on my experience and studies of which I am aware, it is my view that inmates exposed to sexually explicit material become desensitized to what they are viewing and require more and more graphic material which may ultimately result in acting out sexual fantasies. Due to the lack of physical relationships of choice in prison, there is an increased possibility that inmates who view sexually explicit material will engage in consensual and non-

consensual homosexual sex, thereby increasing the spread of HIV, hepatitis and other sexually transmitted diseases. Aggressive and predatory behavior, such as non-consensual sex, sexual molestation, masturbation or exposing in front of staff, and inappropriate touching or writing to staff, endangers the lives and safety of staff and inmates.

9. In my professional opinion, permitting inmate Joseph Schmitt to possess and/or mail either the material, which is the subject of this case, or similar materials would pose a significant and immediate risk to the security and good order of the institution. In making this determination, I considered Schmitt's history of rape of a child and the fact that the material involves sexual acts between children. It is my professional opinion, that if other inmates became aware of Schmitt's possession of sexually explicit material involving children that Schmitt may become the target of such inmates.

10. Schmitt is permitted to write compositions concerning any number of events, thoughts and experiences he wishes. The rule at MCI-Cedar Junction only prohibits him from possessing "sexually explicit material that poses a threat to the security, good order, or discipline of the institution" or the rehabilitation process at the institution.

11 While some inmates at MCI-Cedar Junction might not be adversely affected by possessing sexually explicit material involving children, any limited allowance of such material would require a case by case review. Such a review would require professional staff and the institution is not sufficiently staffed to conduct case by case reviews of sexually explicit material. Further, a limited allowance of such material would be ineffective, as inmates are more than likely to pass their material to other prisoners.

I hereby certify on this ___ day of February, 2005, under the penalty of perjury that the foregoing is true and correct.

_____
John Luongo