COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
Docket No. 2004CV10451 RWZ

JOSEPH PETER SCHMITT

     Plaintiff

       v.

JEFFREY SMITH, ET AL.

     Defendants

## CERTIFICATION OF RECORD

I, Ernest J. Therien, certify that the attached documents represent true, accurate, and complete copies of the administrative hearing record in the case of Joseph Peter Schmitt, MCI Cedar Junction Disciplinary Report No. 02-0563.

Signed under the pains and penalties of perjury this 11th day of November 2004.

Ernest J. Therien
Disciplinary Officer
MCI Cedar Junction
PO Box 100
South Walpole, MA 02071

## MASSACHUSETTS DEPARTMENT OF CORRECTION

## MCI-CEDAR JUNCTION @ WALPOLE

### RESULTS OF APPEAL

TO: _Joseph Schmitt_

RE: D-REPORT NO. _02-0563_

DATE: _4/12/02_

**A. BY THE DISCIPLINARY BOARD**

After reviewing your case involving the above-cited Disciplinary Report, the Hearing Officer finds as follows:

--------------------------------------------

--------------------------------------------

--------------------------------------------

--------------------------------------------

Hearing Officer ------------    Date ---------------

*************************************************************

**B. BY THE SUPERINTENDENT**

After reviewing your case involving the above-cited Disciplinary Report, I find as follows:

_____Appeal denied - No Merit_____

--------------------------------------------

--------------------------------------------

--------------------------------------------

Superintendent -------------------    Date 4/16/02

A copy of this decision has been served on the inmate_____

Staff Signature -------------------    Date ---------------

_Exhibit "L"_

TO: Peter Allen
FR: Joseph Schmitt W57126
DA: 4-4-02

_Enclosed_ find my Appeal for D-report 02-0563 ( Exhibit K )
Along with Exhibit "B", Exhibit "C", Exhibit "D", Exhibit "E" And
Exhibit "F".

_Excluded_ from this appeal are Exhibits "A" - Department of Correction
Notice of Disciplinary Hearing w/ Disciplinary report 02-0563, 3 pages./
Exhibit "G" - Evidence Produced to Inmate (Attached) w/ photocopy of front
and back of envelope addressed to Joseph T. Chavez, 1 page March 13, 2002
letter to same person, 8 page true life story of my youth entitled Rain Dance. / Exhibit "H"
April 2, 2002 letter from Peter Allen / Exhibit "I" Department of Correction
Appeal form w/ 2 page D-report 02-0563 (Exhibit A), 4 page Disciplinary
Hearing Summary (Exhibit J 4 pages), And Disciplinary Board Exhibit "A" which is
my Exhibit "G" page 2 through 12._____

All the excluded exhibits can be obtained via D-board. My
copies are already mailed out for legal exhibits against you and others

CC: JPS File

*Exhibit R*
*7 pages*

TO: PETER ALLEN
FR: JOSEPH SCHMITT, W-57126, DDU #113
RE: DISCIPLINARY REPORT No. 02-0563 APPEAL
DA: 4-4-02


Reasons for Appeal:

1) On 3-20-02 at approximately 8pm I received ( insofar as it being slid under the cell door and into my housing unit) D-report 02-0563. I was denied the CMR right (procedure) to sign for said D-report (Exhibit "A")

2) I immediately filled out "Department of Correction Request For Evidence Form". I specifically Requested "Copy of the letter and envelope/ and all written reports/ and the names and titles of every person involved with this illegal d-report/ and a copy of this form". I indicated that each document is central to my defense because, "I'm entitle to this evidence by the Supreme Courts decision in Wolff v. McDonnell 418 US 539, 555 (1974) and because I fully intend to take legal actions against any and all parties who partake in this illegal suppression of my First Amendment Civil Right. This Story is about me. This Harrassment <u>Will</u> stop, I guarantee you that it will. Evidence in legal action against you. CMR policy states the DOC shall not censor what I write. You're violating Civil Rights and MGL's". I mailed this form to the Disciplinary Sgt. Therien.

3) I immediately filled out "Department of Correction Request for Representation and/or witnesses". Specifically indicated "<u>YES</u>" on number 3. ie, "Do you wish to have the reporting Staff Person Present

<u>1 of 7</u>

at the Disciplinary Hearing? I sent this document to Disciplinary Sergeant Therien with the aforementioned document in paragraph 2 of this appeal.

4) On March 21, 2002 I sent a word by word copy of my "Notice of Intent" to: Jeffrey Smith, William Grossi, Ernest Therien, Peter Allen, Michael Maloney and Ma. Dept. of Correction. See Exhibit "B".

5) On March 21, 2002 I sent the MCI-Cedar Junction legal representative, Cheryl A. Maher a word for word copy of Exhibit "C".

6) On March 21, 2002 I forwarded a word for word copy of Exhibit "D" to MCI-CJ Disciplinary office.

7) On 3-24-02 I sent a word for word copy of exhibit "E" to Sgt Ernest Therien.

8) On March 30, 2002 I sent a word for word copy of exhibit "F" to Sgt Ernest Therien.

9) On 3-22-02 I received an Evidence Produced to Inmate Form, attached to a copy of the front and ~~back of the~~ envelope addressed to Joseph T. Chavez, a copy of my March 13, 2002 letter to said person, and a copy of my true personal life experience of intimate relations with my boyhood best friend for which I entitled Rain Dance. Exhibit "G". not included as it was already mailed to my ACLU Attorney for Evidence in the law suit I intend to file

10) On 4-2-02 William Faria approached my housing unit door to inform me he would be holding a hearing for me and did I want to participate in said hearing. I informed him that I did and donned a tan scrub shirt while he was getting unit staff to open my door and escort me out to the hearing area

11) Upon arriving in the DDU All-purpose-room next to B-2 tier, I immediately realized the absence of Jeffery Smith for whom I did request to be present as noted in paragraph 3 of this appeal statement. Upon informing William Faria of this specific issue he alleged that no such request was received.

12) I further informed William Faria of my strong opposition to him holding the hearing, and all future hearings due to his undenyable impartiality due to the fact he is a defendant in several legal actions for which he is fully informed by me in writing and verbally. My opposition was denied.

13) I further questioned William Faria as to the whereabouts of my 3 page statement for the D-hearing (Exhibit "D"). William Faria alleged that no such document was received. I stated that it is extremely unbelievable that said documents – my statement and request for reporting staff – allegedly are not received and that it also happened involving D-report hearing held prior to this present hearing, ie D-Report hearing for D-report #02-0496

14) Maintaining a calm respectful attitude I informed William Faria that in light of the noted issues (ie, no reporting staff to confront, no statement, unimpartial hearing officer) I would have to pursue justice in court as the present procedings were grossly violating my due process rights. I then turned and proceeded to walk out with the unit Sgt at my side and an officer (CO. Johnson he stated his name is when I asked him on my way to housing unit B2-113)

15) On 4-3-02 I received a letter from Peter Allen dated April 2, 2002 which was a reply to the March 21, 2002 "Notice of Intent" I sent to Commissioner Maloney regarding D-report 02-0563. This

document is now Exhibit "H".

16) On the late evening of April 4, 2002 Department of Correction Appeal form (Exhibit "I") was slid into my housing unit under the door by an unknown MCI-CJ public employee. Attached to said Appeal form is a copy of D-report 02-0563 (Exhibit "A" pages 2 and 3), MCI-Cedar Junction at Walpole Ma. Dept of Correction Disciplinary Hearing Summary (Exhibit "J"), and a copy of the front and back of the envelope addressed to Joseph T. Chavez with my March 13, 2002 letter to said individual and 8 page true life story entitled Rain Dance (Exhibit "G" pages 2-12).

17) Upon reading Exhibit "J" I see under "Requests And motions that my Impartiality challenge (Exhibit "E" and/or "F") is denied because William Faria is not a witness to the alleged incident. This statement is contradictory upon itself for the clear fact that William Faria had full and complete access to Exhibit "G" (marked as exhibit "A" by disciplinary office) and therefore had a clear and bias oppinion as to my guilt or innocence. This officer is clearly Bias due to filed and to be filed law suits naming him as a defendant. It is grossly negligent to assume this officer can be anything but Bias/Prejudiced against me when the history between us is documented in my 6 part folder and Ma Dept of Corr. files. Also, my request for all written reports is denied. The reason allegedly being that no written reports exist. This is a violation of the State Administrative Procedure Act, G.L. c. 30A. It is also upheld by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 555 (1974) that procedural due process must be followed before an inmate can be deprived of a state-created liberty. My due process is blatently violated due to the alleged nonexistant written

reports. I am also denied names and titles of those who affixed their signature upon the D-report. This coupled with the fact that I was denied the presence of the reporting officer blatently violates the confrontation clause of art. 12 of the Massachusetts Declaration of Rights as well as the confrontation clause of United States Sixth Constitutional Amendment. The Supreme Court in Wolff v. McDonnell clearly upholds that an inmate does have the guaranteed right to procedural due process. Furthermore, I clearly stated my reasons for requesting the names and titles of all staff involved with it (D-report 02-0563). See paragraph 2 of this appeal.

18) Under "Presentation of Evidence" of Exhibit "J" it alleges I entered no Plea. I did so in writing — which said document, exhibit "D" never was received, which I believe is a blatent cover-up/lie. — And also the fact that I insist on a hearing is a logical assumption that I am opposing the allegations made against me which in any view is a _NOT_ _GUILTY_ _PLEA_.

19) Under "Documentary Evidence" of Exhibit "J" it indicates "Exhibit A - 9 page letter with envelope". This is my exhibit "G".

20) Under "Statement of Evidence Relied upon to Support findings: of Exhibit "J" there is an abundance of missinformation. William Faria fails to state full facts, ie why I declined to participate in the hearing, Exactly who and what the letter/story is truely about. He leads one to believe its a perverted child porn story, _when_ _in_ _fact_ its a true account of my first intimate sexual relationship with a same sex partner when I was 12.

21) Since August 2001 I have been subjected to such abuses by MCI-CJ officials that blatently reek of prejudiced, harrasment, sexual discremenation. All of which, And more, are simply to attempt to have me committed to M.T.C. It has been clearly stated to Mr. D.O.C. officials and other state's high officals what my goals are. I will not accept or allow ignorant, prejudice, so called righteous MCI-CJ staff to interfer with my goals. I will take legal actions against said corrupt, vandictive, ignorant officials. Simply because I violated a MGL in 1985/7 does not give any DOC public employee the right to harrass me and subject me to cruel and unusual punishments. Let it be known very very clearly Mr. Peter Allen that I am fighting to obtain information from 3 people regarding boys/girls they molested and have not been caught over so the <u>victims</u> can get help. Also <u>I am and will continue to try to obtain information</u> from an individual who intends to <u>kidnap, rape, and eventually murder two young girls</u> for which the individual is serving time for now.

22) I did a very fucked up thing in my past Mr Peter Allen, but <u>I will not allow idiots</u> who are hell bent to punish me get away with it. <u>DO YOU COMPREHEND THIS PETER ALLEN</u>?

23) As for "Reason for Sanction" in Exhibit "J" William Faria again <u>trys to play it up</u> by his idiotic statements. Such statements only show how prejudice and bias this "defendant in numerous law suits" truely is.

I challenge you to provide documented proof supporting William Farca's allegations. Show me a MGL, CMR, Fed law stating I can not write about my life. Show me which departmental rules I "clearly clearly violate with such material" as William Faria goes beyond limits to stress so as to ensure himself his corrupt, illegal, bias, vandictive, sanctions will be upheld. — even though they will never in reality be served since I have less than 19 weeks to serve to wrap up my 4-8 year prison term, and he and his corrupted cohorts have given me over 100 weeks of sanctions for related and unrelated issues. Furthermore, with just this short time left suddenly rehabilitation is an issue? Be for real! Ma D.O.C. don't give a fiddler's fuck about rehabilitation. I requested programs, etc etc and you, for one, denied me, so don't even try that line of bull shit on me!

   24) I will continue to write about my personal life experiences and anything else I need to do to extract trust and information I seek to help real unheard victims, and corrupt D.O.C. officials will not stop me. Your petty ass D-reports mean nothing to me. I will be free soon Peter Allen and rest assured I will exercise my constitutional right to contront my accussers. In the real world you and the rest of the corrupt public employees can not hide behind your sanctions, policy, and other actions that deprive inmates. I'll be free Peter Allen and will look you eye to eye and demand my Justice, just as the Constitution guarantees all men, women and children. Think about it Peter Allen. You will, just like everyone else will, have to face your corrupt deeds soon. I look forward to exposing the foul putrid slim of corruption!

                                                    Joseph P. Schult

cc: JPS File

Schmitt v. Smith et al    7 of 7

(Copy)    Exhibit B

# Notice of Intent

TO:

FR: Joseph P. Schmitt, W57126, DDU-B2-113    *Joseph P. Schmitt*

DA: March 21, 2002

RE: Disciplinary Report number 02-0563

Attention Please:

I am directly informing you that your involvement in the above disciplinary matter has caused me to take immediate legal action, for which you are a named defendant.

This noted disciplinary report violates my First and Eighth Constitutional Amendment Rights

This noted disciplinary report alleges that I wrote a sexual story about a child. In fact, this sexual story is about myself and my youthful sexual experience. There is no CMR, State or Federal law which prohibits such writings

The continued, visilante, prejudice, descriminatory, illegal, oppressive prosecution against me is not acceptable and if you persist with this particular disciplinary report I will sue you. You are to return my letter, envelope and story or face the legal consequences. This report is corrupt and to uphold it makes you the same.

Copy

Exhibit C

3-21-02

TO: Cheryl A. Maher
FR: Joseph P. Schmitt W57126
RE: Disciplinary Report #02-0563

Paralegal Maher:

    I direct this to you as you are the legal representative of this facility.

    IPS CO Jeffrey Smith has authored a disciplinary report against me, which beyond doubt of law violates my constitutionally protected 1st and 8th Amendment right, and I believe shows sexual discrimination and or gay bashing

    I deposited a letter/story in the mailbox on March 13, 2002 addressed to my adult friend Joseph Chavez. Jeffrey Smith IPS CO alleges that on 3-15-02 he determined I violated institutional rules and disrupted the orderly running of the institution.

    Lets cut all the fat away, shall we? I wrote to my adult friend a personal experience I had, as a 12 year old boy, with my best friend who was 11 years old. I am not going to accept this vigilante type bullshit from anybody. Im certain you are aware of the constitution's civil rights, specifically the 1st and 8th Amendment

    I demand this corruption be put down willingly or I will take action and have it put down. I have violated no rules or laws by writing about my personal experiences

    I advise you to inform your clients that these actions are now illegal and I will take steps to prosecte all who are involved including now, yourself. Harrassment, Cruel and unusual treatment, gay bashing, are criminal and civil violations against me. Correct it or be sued!

Exhibit D
3 pages

TO: MCI-CJ Disciplinary Office
FR: Joseph P. Schmitt, W57126
DA: March 21, 2002

RE: Disciplinary Report # 02-0563, dated 03/15/2002

## "Joseph P. Schmitt's  Statement for D-Hearing"

First, this disciplinary report is for an alleged infraction on march 15, 2002, but it was not signed off by the shift commander and/or Disciplinary Officer until 3/19/02 and/or 3/20/02 which violates the CMR Disciplinary Policy time limits. This is enough to dismiss this D-report.

Secondly, I'm charged offenses #2, #8, and #33. Nowhere in the CMR's does it state I can not write about my sexual experiences as a youth and send such writing to a consenting Adult.

This witch-hunt-type-mentality of MCI-CJ staff is a clear violation of my first and Eighth Constitutional Protected Amendment Rights. Since the incident re: d-report 01-1583 officials at this facility have prosecuted me in cruel and unusual fashion for any and all incidents, for the transparent goal of compiling a paper trial to try to prove I have a serious behavior problem so I can be committed to M.T.C. upon my release from the

1 of 3

(Copy)

Prison term I'm serving.

I have violated no M.G.L., no CMR, no Federal law. I am being illegally harassed by prejudice and corrupt Dept. of Correction officials because of my present conviction.

I do have all intentions of filing legal action on this matter just as I have in every other matter related to this incident.

It is illegal for Ma. Dept. of Corr. Officials to do what is being done and if it is not stopped within Administrative Remedies a court Judge and/or Jury will have to handle it.

As I stated in the start, the report is for personal correspondence to a consenting adult. Nowhere in any policy of the Ma. Dept of Corr. does it state I can not relate, in writing, or otherwise, incidents which I personally experienced. Simply because the incident is sexual I'm being prejudiced and harassed, and subjected to cruel and unusual punishments

I will not accept such corrupt actions against myself, and do intend to continue to write what I want, when I want, to whom I want, as I am guaranteed the right to do by the U.S of A. First Constitutional Amendment

2 of 3

COPY

It is also a known fact that I am working to obtain _facts_ of non-reported sexual abuse to children and I will do _everything_ within my abilities to get these facts so I can, in the end, turn such information over to New Mexico authorities so abused children can receive the help they deserve. Corrupt, vindictive, prejudice MCI-CJ officials will not prevent me from achieving my goals in this matter. My objective is righteous and I do not and will not allow anybody to stand in my way——

Joseph P. Schmitt

CC: JPS File

3 of 3

COPY

Exhibit "E"

3-24-02

Sgt Ernest Therien


RE: D-report 02-0563 (and future reports)


        I request that officer William Faria be barred
from handling this disciplinary report (and any future report) due
to the fact that he is a knowing defendant in several lawsuits
and for said factual reason he can not be impartial.


                              Joseph C. Schmitt
                              Joseph C. Schmitt
                                   W57126
                              DDU-B2-117

CC: MCLS File
      ACLU File
      JPS File
      Peter Allen



Exhibit "F"

TO: Ernest Therrien
FR: Joseph Schmitt W57126 DDU # W
RE: D-hearing 02-0563 (and all future hearings)
DA: March 30, 2002


I am notifying this office that I oppose having the following Disciplinary Officials holding hearings for the noted report and/or all future reports due to the fact William Faria, Donald Dompierre, and Ernest Therrien and named defendants in filed and soon to be filed law suits. Their participation in any proceeding can be nothing near impartial.


Thank you for your attention


Joseph P. Schmitt


CC: Peter Allen
    MCLS
    ACLU
    JPS File

# DEPARTMENT OF CORRECTION
## NOTICE OF DISCIPLINARY HEARING

TO:  **JOSEPH  SCHMITT**                                    I.D. #:  **W-57126**

Re: Disciplinary Report #:          **02-0563**           Date:  **03/15/2002**


You have been charged with a disciplinary offense(s) which has been referred to the Hearing
Officer for a hearing.  A description of the offense(s) is contained in the attached Disciplinary
Report.  Your disciplinary hearing has been scheduled for:

**04/02/2002**

(Date of Hearing)


If you wish to be represented, request the presence of the reporting staff person, request
other witnesses, and/or request a taped hearing, please fill out the attached Request for
Representation/Witness Form.  If you wish to request evidence, please fill out the attached
Request for Evidence Form.


Notice Served By:_____Date:_____Time:_____

Inmate's Signature:_____Date:_____Time:_____


***When an inmate has been given copies of the above enumerated documents, but refuses to sign this
acknowledgement, the staff person who delivered the documents shall complete the following:

I personally delivered copies of this Notice, Disciplinary Report, Request for Representation/
Witness Form, and Request for Evidence Form to:          **JOSEPH SCHMITT**

(Inmate's Name)

and he refused to sign.

Staff Person's Signature:_____ Date: 3/20/02

Print Name:_____ Time: 8pm


**The actual scheduling of the hearing may be delayed if circumstances require; however, you will be
notified of the actual date of the re-scheduled hearing at least twenty-four (24) hours in advance of that
date.

MCI Cedar Junction

# DEPARTMENT OF CORRECTION
# REQUEST FOR EVIDENCE FORM

TO: **JOSEPH SCHMITT**                                    #:  **W-57126**

RE: **02-0563**                                   Date:  **03/15/2002**

I understand that I will be served at a reasonable time prior to my disciplinary hearing with any
documents which may be used against me. In addition to any such documents, I wish to request access
to the following document(s) prior to my hearing which I believe will show me not guilty of the alleged
infraction(s) contained in the D-Report. I understand that, in the event the Disciplinary Officer at the
institution where the alleged disciplinary infraction(s) occurred denies my request for these documents(s),
it will be up to the Hearing Officer to decide if I am entitled to the document(s) for the reason(s) I have
stated. The Hearing Officer will determine if the requested document(s) are relevant and not merely
repetitive and whether they are central to the preparation of my defense. The Hearing Officer may deny
my request for documents if he/she determines that producing them would be hazardous in the
particular situation. If the Hearing Officer decides that the document(s) need not be provided, his/her
reason(s) will be included in the final report.

I am requesting the following specific document(s): Copy of the letter and envelope
/ And all written reports / And the names and titles of every person
involved with this illegal d-report / And a copy of this form.

Each document is central to my defense for the following reasons: I'm entitled to this evidence
by the Supreme Courts decision in Wolff v. McDonnell 418 US. 539,
555 (1974) And because I fully intend to take legal actions against
any and all parties who partake in this illegal suppression of my 1st
Amendment Civil Right. This story is about me. This harassment will
stop I guarantee you that it will. Evidence in legal action against you.
CMR policy states the DOC shall not censor what I write. Youre violating civil rights and
MGLs

Please be advised that failure to return this form to the Disciplinary Officer within 24 hours of receiving
it will be considered as a waiver of request for any evidence.

MCI Cedar Junction

Joseph Schmidt
W57126
DDU B2-113

LEGAL NOTICE
For Addressee | Defendant
ONLY

Defendant Peter Allen
MCI - Cedar Junction

**MCI - WALPOLE**

**SUPERINTENDENT'S OFFICE**

TO: _Sgt. Therien_

FROM:  **PETER E. ALLEN, SUPERINTENDENT**

RE:   ATTACHED CORRESPONDENCE (# _____ )

DATE: _3-25-02_

I am referring the attached to you:

1. (  )   Please draft a response for my signature.

2. (  )   Please reply to the sender that the
          Superintendent has referred this matter to
          you.  (Return this slip to my office with
          a copy of your response).

3. (  )   Review and return with comments / advise.

4. (  )   Other: _Include with his disciplinary_
          _package_

          _____

PLEASE COMPLETE AND RETURN TO MY OFFICE NO LATER THAN

_____ / _____ / _____.

# Notice of Intent

TO: Peter Allen

FR: Joseph P. Schmitt, W57126, DDU-B2-113 _Joseph P. Schmitt_

DA: March 21, 2002

RE: Disciplinary Report number 02-0563

DEP SUPT'S OFFICE
MCI WALPOLE
MAR 25  10 57 AM '02

Attention Please:

I am directly informing you that your involvement in the above disciplinary matter has caused me to take immediate legal action, for which you are a named defendant.

This noted disciplinary report violates my first and Eighth Constitutional Amendment Rights

This noted disciplinary report alleges that I wrote a sexual story about a child. In fact, this sexual story is about myself and my youthful sexual experience. There is no CMR, State or Federal law which prohibits such writings.

The continued, vigilante, prejudice, discriminatory, illegal, oppressive prosecution against me is not acceptable and if you persist with this particular disciplinary report I will sue you. You are to return my letter, envelope and story or face the legal consequences. This report is corrupt and to uphold it makes you the same.

COPY

RECD SUPT'S OFFICE
MCI WALPOLE

MAR 25  10 57 AM '02

2-24-02

Sgt Ernest Therien

RE: D-report 02-0563 (and future reports)


I request that officer William Farca be barred from handling this disciplinary report (and any future reports) due to the fact that he is a knowing defendant in several lawsuits and for said factual reason he can not be impartial

Joseph P. Schmitt
Joseph P. Schmitt
W57126
DDU-B2-113

cc: MCAS File
    ACLU File
    JPS File
    Peter Allen

# DEPARTMENT OF CORRECTION

## EVIDENCE PRODUCED TO INMATE FORM

**TO:**　　　　 Joseph Schmitt W-57126
　　　　　　　　Inmate's Name

**FROM:**　　　Sergeant Ernest J. Therien
　　　　　　　　Disciplinary Officer

**RE:**　　　　 Disciplinary Report #: 02-0563

## EVIDENCE PRODUCED TO INMATE (ATTACHED)

1)　　　 9 page letter (with envelope) authored by Inmate Schmitt.

## DENIAL OF REQUESTED EVIDENCE AND REASON FOR DENIAL

1) *all written reports…*
REASON FOR DENIAL:  Nonexistent.

2) *the names of every person involved with this illegal report…*
REASON FOR DENIAL:  Not a document request.

3)
REASON FOR DENIAL:  N/A

Served by:_____ Date:_____ Time:_____

Inmate Signature:_____ Date:_____ Time:_____

****When an inmate has been given copies of the above enumerated documents, but refuses to sign this acknowledgment, the staff person who delivered the documents shall complete the following:

I personally delivered copies of this EVIDENCE PRODUCED TO INMATE FORM with the identified documents to ___J. Schmitt_____ and he refused to sign acknowledging receipt.
　　　　　　　Inmate's Name

Staff Person's Signature _____ Date: 3-22-02

Print Name: ___E. Therien_____ Time: _____

## MASSACHUSETTS DEPARTMENT OF CORRECTION
## MCI-CEDAR JUNCTION AT WALPOLE
## DISCIPLINARY REPORT

INMATE: __Joseph Schmitt__    ID#: __W-57126__    HOUSING UNIT: __DDU #113__

DATE: __March 15, 2002__    D-REPORT NO.: _02·0563_

OFFENSES(S) & CODE NO.: ___#2; #8; #33_____

MINOR_____ MAJOR_____ REFERRED TO DISTRICT ATTORNEY_____

MAJOR_____ REFER TO SPECIAL DDU HEARING OFFICER_____

DESCRIPTION OF OFFENSE(S):

On March 15, 2002 I, Officer Jeffrey Smith determined that inmate Joseph Schmitt violated institutional rules and disrupted the orderly running of the institution.

It has been determined that inmate Schmitt has authored a letter to Joseph Chavez, an inmate incarcerated in New Mexico. This letter contained an explicit sexual story pertaining to sexual acts with a child and is consistent with previously authored stories by inmate Schmitt. His actions of authoring this story violates institution rules and disrupts the orderly running, as he has been previously disciplined on material of this nature and is aware of the consequences. The letter has been confiscated as evidence and all proper authorities were notified.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS? YES_____ NO __✓__

REPORTING STAFF PERSON'S SIGNATURE_____
                                        Jeffrey Smith, C.O. IPS

DAYS OFF    S / M _____

SHIFT    _7_ / _3_    (PLEASE PRINT NAME)

SHIFT COMMANDER'S SIGNATURE_____ Date: 3/19/02

DISCIPLINARY OFFICER'S SIGNATURE_____ Date: 3/20/02

APPEAL RESULTS_____

REVIEWING AUTHORITY_____ DATE: 4/3/02

**OFFENSES:**

2.  VIOLATING ANY DEPARTMENTAL RULE OR ANY OTHER RULE, REGULATION, OR CONDITION OF AN INSTITUTION OR COMMUNITY BASED PROGRAM.

8.  CONDUCT WHICH DISRUPTS OR INTERFERES WITH THE SECURITY OR ORDERLY RUNNING OF THE INSTITUTION.

33. ATTEMPTING TO COMMIT ANY OF THE ABOVE OFFENSES, MAKING PLANS TO COMMIT ANY OF THE ABOVE OFFENSES OR AIDING ANOTHER PERSON TO COMMIT ANY OF THE ABOVE OFFENSES SHALL BE CONSIDERED THE SAME AS THE COMMISSION OF THE OFFENSE ITSELF.

REPORTING OFFICER'S
SIGNATURE:_____    TITLE: _CO 1_____

## MCI CEDAR JUNCTION AT WALPOLE

## MASSACHUSETTS DEPARTMENT OF CORRECTION

### DISCIPLINARY HEARING SUMMARY

INMATE: *Joseph Schmitt*  #: *W-57126*

REPORT #: *02-0563*  DATE OF REPORT: *3/15/02*

DATE OF HEARING: *4/2/02*  HEARING OFFICER: *William Faria*

1.  The inmate was given at least 24 hours notice of the hearing (if no, attach 24 hour waiver)  YES ✓  NO____

2.  The inmate is present before the hearing officer (if not, attach refusal to **appear** form)  YES ✓  NO____

3.  The inmate has been advised of his right to remain silent, since the offense charged has, or may be referred to the District Attorney.  The inmate has been further advised that his silence may be used to draw an adverse inference against him, but his silence alone may not be used to support a guilty finding.  YES____  NO ✓

4.  The inmate requested representation  YES____  NO ✓
    The inmate is represented by an attorney/law student  YES____  NO ✓

    Name of legal representative: *n/A*

5.  The inmate requested the presence of the reporting staff  YES____  NO ✓

    The reporting staff person is present  YES____  NO ✓

    If the inmate's request was denied, indicate the reason: *n/A*

6.  Inmate challenges impartiality of the Hearing Officer.
    YES ✓  NO____

    If yes, state reasons why: *States hearing officer is known defendent in lawsuits.*

7.  The hearing was tape recorded  YES____  NO ✓

8.  Was the inmate offered the use of the AT & T language line?  Yes ✓  No____

**********************************************************************

### Requests and Motions

1. *Impartiality challenge: Denied Sgt. Therien rules that inmate's reasoning lacks merit. Furthermore, DHO Faria was not a witness to the alleged incident.*

2. *Written reports: Denied Nonexistant*

3. *Names/titles of people involved with report: Not a document request. Reporting officer's name on the written report. Additionally, inmate fails to cite why those names are central to his defense.*

PAGE 2

INMATE: _Joseph Schmitt_____    D-REPORT: _02-0563____

8.    Witness:  If none requested, check here ____

    A.    REQUESTED BY INMATE:    (If any witness request is denied, a written explanation
                                   of the reasons must be included as part of the record)

        (1) _____ n/A _____

        (2) _____

        (3) _____

    B.    REQUESTED BY HEARING OFFICER:

        (1) _____ n/A _____

        (2) _____

        (3) _____

*******************************************************************

9.    Presentation of evidence:

    A.    Inmate Statement

    PLEA: _No Plea Entered_____

    Statement in defense (summary):

    Inmate initially attended the hearing. After being informed that there was no witness from
    among his requests he voluntarily removed himself from the hearing. Consequently,
    the hearing was held in absentia.

    _____

    _____

    B.    Reporting Staff Person's Statement:

    _____ n/A _____

Page 3

INMATE: _Joseph Schmitt_____ D-REPORT: _02-0563_

C:  Other Witness Statements: (If witness has been denied, indicate

reason(s) for denial in this space)


Witness #2  Name: _____ N/A _____

Statement: _____

_____

_____

_____

_____

_____

_____


Witness #3  Name: _____ N/A _____

Statement: _____

_____

_____

_____

_____

_____

_____


**************************************************************

Documentary Evidence

In addition to the Disciplinary Report, the Hearing Officer accepted into evidence, and

considered the following documents, physical evidence, photographs/video tapes:

_Exhibit A - 9 page letter with envelope_____

_____

_____

_____

_____

_____

INMATE: Joseph Schmitt          D-REPORT: 02-0583

FINDINGS: Guilty (2)          Dismiss (8/33) - Not established

Statement of Evidence Relied upon to Support Findings:   (continue on Pg 4a if necessary)

A guilty finding has been established based primarily on the reporting officer's detailed report and exhibit A. Inmate Schmitt's refusal to enter a plea or participate with this hearing has drawn an adverse inference against him. Consequently, the reporting officer's report and physical evidence has been accepted as an accurate account of events. Thus, it has been determined that inmate Schmitt authored a letter containing an explicit sexual story pertaining to sexual acts with children. Exhibit A reflects a sexually explicit story involving sexual acts with children. Consequently, based on this information, it has been determined that inmate Schmitt authored this sexually explicit material and attempted to send it through the mail (2).

SANCTIONS AND RECOMMENDATIONS:

Charge (2) - 12 weeks loss of TV, Radio, Phone

Reason for Sanction:

The imposed sanction serves to advise inmate Schmitt that the sending of such material is not authorized. Such material clearly clearly violates departmental rules. Furthermore, such behavior is detrimental to the rehabilitation of inmate Schmitt and to the public safety. Hopefully, inmate Schmitt will reevaluate his personal goals and intentions while incarcerated at MCICJ.

The inmate has been advised of his right to appeal this decision within 5 working days of his receipt; to the Superintendent: ✓

Hearing Officer: W. 7⎯⎯          Date: 4/4/02

The inmate has been advised of the Hearing officer's decision and a copy of this document has been delivered to the inmate: ✓

Joseph T. Chavez
43397
6900 W. Miller Dr.
Hobbs, N.M. 88244

3-15-02

Joseph A. Schmitt W57126
P.O. Box 100
South Walpole, Ma. 02071-0100

Exhibit A

RAIN DANCE

Roll a smoke
make a cup of coffee
And enjoy this true
Adventure of my youth.

March 13, 2002

Hi Joe,

I'm sure you seen the envelope's backside and couldn't wait to get this letter out so you could read about my youthful experience - one of many.

I sent out 4 9x12's today at $5.20 each! These assholes refused to accept service to keep cost low so I had to serve em via Certified mail. No problem, its done and now I start pumping my big cock into their collective asshole!

Ive got a 4 page (7 sides of writing) letter on the desk ready to be mailed tomorrow night with this letter and my 4 page (8 written sides) story entitled Rain Dance. Must admit it brought me back to a happier place and time. You remember this story Joe and when I get out in 5 months I'll send you pictures of the cliff and all the great places Ben, Mel and I called home turf.

I'm all out of love so I'll close now. 5 pages are ~~got~~ stapled together on this letter. Enjoy and tell me what you think.

Oh and Ben was the one and only I ever did that one thing with which I mention near the very end of my recollection and describe it as heart throbbing. I didn't even do it with David or Brent or James. not like Ben and I did it twice on that cliff top. You'll see what I mean. Tell me what you think it is when you write back, ok

Big Love Forever
Joe

Rain Dance: A TRUE story of my youth, Joseph P. Schmitt age 12ish.

Reaching back to my pre-teen (tween) years this is a true story about me and my very special friend Benjamin. My dad was one of the residents who took care of the 10 duplex houses in the small community. My Uncle Joe was the other resident. Me, I had the yard work serviced for all the houses. Made a bundle doing that plus selling night crawlers. I even had yard jobs in the connecting community. I lived on a dead end road the very last house, in a wooded area next to the Taunton river and the railroad. All together including the post office, package store and Rosey's - a bar stripper joint I had at least 30-35 steady customers year round. My standard pay was $10.00 per yard. I worked hard every weekend and sometimes made more dough than my dad who worked all week. I was 12 years old pulling 300-350.. I did a yard in like 20-30 minutes. Got tired of having to rake so I went to Benny's Hardware store with dad and bought me trick ass mower that bagged the grass. I'd put the clippings in a heffty garbage bag and my uncle Joe charged me $5.00 to drive me around and pick up all the bags then drive me to the dump. Business was business. I offered $10.00 but he would only take $5.00. Well an apartment-house was empty, so uncle Joe, dad and me cleaned it up painted etc etc. Yeah, I got $5.00 an hour from the land lord. After a while I went to a flat rate and made more 😊 ☺ Anyway the only kid my age was me! my immediate neighbor. When I spotted Benjamin I was instantly attracted to him. He was smaller than me, I rode by on my bike and caught glances at him. He was real friendly too. They lived on the other dead end near the loop, which was actually the drive way of the left side of the duplex he lived in. He was on the Right. His dad and older brother told him to take off if he wanted to so he hoped on the back of my bike - it had a banana seat with a tallass sissy bar and it was chopped 😊 6 ft fork extension on that bad to the bone hot rod 20 in boys bike with 3 speed shift! - and I headed down to Eli's to show off. Eli is the old guy who owned the package store. I had an account with him. I took Benjamin in and we got two cokes and a fist full of slim jims. Benjamin was impressed. Even more so as we sat in the stone house windows and watched the trout come up for May flies in the river below. I told him how the land lord paid me to do the yard work for all the 10 duplex houses and how I had other jobs and even sold night crawlers, worms.. I had a charge account at the package store, convienant store, and both Deno's & Yantic pizza. I did work everyweek for these places too! The stone houses were simply round stone structures with a round painted roof a big

open ⋂ door and 2 ⋂ open windows. The one on the left had A stone bench seat all around. And thats the one we sat in. We were in the windows actually. Of the round houses are connected to the stone bridge. Well we chomped on slim jims (I bought at least 40 per week) and gulped the cide. cokes down as I told Benjamin about his new home over & street. He'd be in Kelly Jr High with me, although he'd be in only one of my classes plus gym. Both of us were in 7th grade. He loved to fish and hunt. I knew the best places to fish up and down the Yantic River, the pond behind my house, which was private property which I had permission to fish and even stock it. I'd catch bass catfish etc from Fitchville pond and release em iNto my private fishing hole. Small and deep and spring fed. Well I was a little surprised when Ben stood on the bench seat, announced he had to pee and without the slightest bit of shame unzipped his jeans and in clear view of me pulled his dick out and grinned mischievously at me as he let loose a powerful stream of piss that arched up and out the window. I had to piss to so I pulled my half hard dick out and stood so he'd see it. I did't miss the fact that both of us had a boner when we finished pissing. I could tell he was cut. I wasn't but I'd peeled it back before taking it out so it'd look normal. Our Jeans bulging naturally in front tended to hide most of our dick's but what I saw of his I liked. I wanted to see more of it and already made plans to do so. I showed him around the area on my bike. It felt really nice to have him to lean against and sit between his legs. I introduced him to Mel and Mel gave me a very knowing grin. Mel and I fooled around already. Benjamin was really cute. Sort of blond - light brown - strawberry blond hair, shoulder length, green eyes, a sprinkle of freckles, slim and about a ½ head shorter than me. His dickhead was bright red and the shaft was pale and freckled. Mind you I only saw a little bit of his dick. I knew he had narrow long slender fingered hands. I used to believe that weives talk about long finger thin and or fat equalled long dick thin and or fat. It was summer so Ben, Mel and I spent a lot of time together. Ben was an excellent fisherman, just like Mel and I was. We'd fish all day catch and release trout and keep a few to eat. We enjoyed the woods too. Ben was a country boy and loved to climb the huge pines and oaks and maples in the area. After only a couple weeks Ben & I were like life long best friends. It was A Saturday. Mel was out with his family visiting relatives. Ben and I decided to explore the woods. We ended up on the cliff. It was a hot sultry Afternoon. We were shirtless just kicking back on the plush grass carpet looking down over the river, the distant highway and

And that's the way it was for me and Benjamin. It was innocent love between us. The 3 of us were tight as blood brothers and boy did we get into scraps if fight one of us you better believe the other two would join in and pound the crap outta ya. Memories of my youth & innocence. I went to Elan in Maine and by the time I was allowed home October 31, 1980 Ben & Mel had moved. It broke my heart not to have any friends in my neighborhood. I got my license in Dec. right after my 16th birthday, Dec 2. 1980. Hope you enjoyed my true life story ——— I enjoyed telling it and experiencing it.