UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 22  P 3: 03

U.S. DISTRICT COURT
DISTRICT OF MASS

JOSEPH PETER SCHMITT          )
                              )
                              )
                              )
vs                            )  C.A. No. 2004-10451-RWZ
                              )
                              )
                              )
JEFFREY SMITH, et al.         )


OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,
OR FOR SUMMARY JUDGMENT

I. Introduction

Contrary to the assertions of the defendants, the plaintiff in this matter, Joseph Peter Schmitt, is not civilly committed as a sexually dangerous person. He is, however, temporarily committed awaiting commitment proceedings. Further, the plaintiff has not, and does not, seek to be allowed to send or receive material of a sexual nature from the institution where he is presently being held.

II. Statement of Undisputed Facts

The incidents complained of in the plaintiff's original complaint occurred while he was confined at MCI Cedar Junction. Those incidents consisted of the illegal opening of his outgoing mail and the issuing of a disciplinary

(2)

report based on the material contained therein.

The defendant Jeffrey Smith authored the disciplinary report alleging that the outgoing letter contained "sexually explicit material", and were in violation of 103 CMR 481.06 and 103 CMR 481.14.

103 CMR 481.06 defines "sexually explicit material" as:

> A pictorial depiction of actual or simulated sexual acts including sexual intercourse, anal or oral sex, or masturbation or material which promotes itself based upon such depictions on a routine or regular basis or in individual one-time issues.

The material which is the basis of this complaint in no way meets the definition contained within the regulations and, therefore, the plaintiff had no foreknowledge that his actions were prohibited. Further, the behavior that is prohibited relative to the sending of sexually related material is contained in 103 CMR 481.14. There, the regulation only prohibits the sending of:

> threatening or harassing correspondence, including the sending of sexually explicit material to unwilling recipiants.

The disciplinary report fails to allege that the addressee was being harassed, threatened or was in any way unwilling to receive the material. So even if the material in questiion met the defination of "sexually explicit", the policy only prohibits the sending of that

(3)

material to persons who are unwilling to receive it. The defendants failed to allege that the plaintiff had either violated any portion of the regulations in sending the material, but simply relied on their own view of the material in question.

As stated above, the plaintiff has not, nor does he, claim that he has any rights to send or receive written material of a sexual nature while confined at the Nemansket Correctional Center (commonly called the Massachusetts Treatment Center). Therefore, the defendant's attempts to mislead this court will not be supported by his response.

III. Argument

    A. The Rules and Regulations at MCI Cedar Junction Are Not At Issue. The Question Is Whether The Defendants Acted In An Arbitrary Manner.

The defendants attempt to mislead this court by claiming that this entire matter revolves around the alleged authoring of "sexually explicit material" which involves minor children. This is not the question. The alleged "story" was clearly marked that this was an incident that occurred in the plaintiff's childhood. It is clear that he was simply relaying this incident and his emotions about the incident to someone who was sympathetic to his confusion.

(4)

The mere fact that some officials within the Department of Correction had negative feelings about the plaintiff has no bearing on the question of whether or not those officials overstepped their authority. The motion of the defendant's clearly attempt to prejudice this court by a continual referal to "sexually explicit material" involving children, "sexual acts with a child", and phrases of this sort. The question still remains basic and able to be determined by a review of the regulations that the DOC imposes relative to the mail of inmates, and whether those regulations were violated by the defendants.

Because the regulations failed to prohibit the actions for which the plaintiff received his disciplinary report and sanctions, any and all reference to them must be removed from his records.

Even assuming, arguendo, that the defendants have made a claim that the material in question is somehow "erotic literature" or "erotic novels", or could be defined as "obscenity" or "sexually explicit", there is nothing in the DOC's own regulations which would alert the plaintiff that his actions were prohibited. The fact is, the DOC's regulations clearly state that "sexually explicit material" is "A pictorial depiction". Because the plaintiff's letter did not contain any pictorial depictions, he could not have reasonably known that his actions were a violation of the rules.

(5)

B. The Plaintiff Has Not Claimed That He Is Entitled To Author, Possess or Mail "Sexually Explicit Material While At The Treatment Center.

The Defendants attempt to insert the argument that the plaintiff has claimed a First Amendment right to the material in question while at the Treatment Center. This claim has not been raised in the instant action so, in an attempt to conserve judicial time and resources, he will only respond by stating that the regulations in question only prohibit "sexually explicit material" as is defined in the current regulations.

C. The Plaintiff Had An Existing Property Interest In The Material Confiscated From Him and Used As A Basis For The Disciplinary Proceedings.

Because the plaintiff had an existing property right to the material in question, the process used in his disciplinary hearing violated due process. Sandin v Connor, 515 U.S. 472 (1995). Also, the punishment imposed was clearly atypical because there was no notice that the plaintiff's actions were prohibited.

Where a defendant, here a disciplinary officer, acts in a manner which is not according to the law or the regulations, that action is arbitrary and violates due process. Had the actions of the plaintiff been violative of some policy or regulation, the action of the disciplinary officer would have not imposed an "atypical and significant hardship in relation to the ordinary incidents of prison

(6)

life." Sandin, 515 U.S. at 484. But because there was no policy or regulation which would have notified the plaintiff that his actions were prohibited, the disciplinary hearing itself, and the punishment imposed, clearly is atypical. This is especially so where this incident is a major factor in the Commonwealth's seeking to civilly commit the plaintiff as a sexually dangerous person.

The fact that the disciplinary officer continued the disciplinary hearing, and imposed sanctions, for an action which was not prohibited can only violate due process.

### D. The Defendants Are Not Entitled To Qualified Immunity.

The defendants attempt to classify themselves as "law enforcement officers". While it is true that correctional officers work in a prison setting with convicted criminals, that does not qualify as "law enforcement". In any event, correctional officers are public employees.

The question becomes whether a reasonable person would have known that their actions violated clearly established rights. This case involves the taking of the plaintiff's United States mail which he had duly sealed and placed in the institution's mail receptical. Any reasonable person would know that that piece of mail

(7)

was protected by the laws and regulations of the United States Postal Service. Further, the DOC's own policy provides that outgoing mail will only be opened and examined "where necessary to protect a legitimate governmental interest(s)". 103 CMR 481.14

As stated above, the only prohibited outgoing mail (relative to this complaint), falls within 103 CMR 481.14(2)(d). That prohibition only applies to:

> threatening or harassing correspondence, including the sending of sexually explicit material to unwilling recipients.

Because the defendnats know, or are expected to know, the governing regulations of the institution where they are employed, they are not entitled to qualified immunity.

IV. Conclusion

Because the defendants acted contrary to clearly written regulations, and because the regulations did not prohibit the plaintiff's actions, this complaint should not be dismissed nor should summary judgment be granted.

Respectfully Submitted,

Date: March 18,2005

Joseph Peter Schmitt, pro se
30 Administration Road
Bridgewater, MA 02324