UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ

JOSEPH P. SCHMITT

v.

JEFFREY SMITH, et al.

ORDER ON VARIOUS MOTIONS

March 30, 2005

ZOBEL, D.J.

Plaintiff, formerly a prisoner at MCI Cedar Junction, is now temporarily committed to the Massachusetts Treatment Center at Bridgewater awaiting commitment proceedings as a sexually dangerous person.  While at Cedar Junction the authorities there charged him with mailing pornographic materials out of the prison.  He now complains of violations by defendants of their own disciplinary processes and asserts that his conduct did not violate the rules and, is, any event, protected by the First Amendment to the Constitution.  Pending are several motions, some frivolous, some serious.  I will address them seriatim.

　　1.　Plaintiff's Motion to Appoint Counsel (#31)

Although the court has not ruled on the motion, it has attempted since the beginning of the year, to secure counsel to represent plaintiff.  So far its efforts have been fruitless.  If counsel can be found, the motion will be allowed and counsel appointed.  However, particularly in light of plaintiff's understandable impatience,

unless the court is able to obtain counsel within the next 10 days, the motion will be denied.

2. <u>Plaintiff's Motion to Compel the Department of Corrections to Provide the Current Address of Michael T. Maloney, the Former Commissioner of Corrections (#15)</u>

The court initially deferred ruling on the motion as it was filed before the returns of service of the complaint on any defendants.

The motion is denied. By statute, Mass. Gen Laws ch. 66 § 10, Mr. Maloney's address was not deemed to be a public record while he was a public official. By definition it is not now a public record, because if he is not employed by the Department of Corrections, he is not a public official.

3. <u>Plaintiff's Motion for a Writ of Habeas Corpus ad testificandum (#30)</u>

The motion sought plaintiff's personal participation in a scheduling conference which was accomplished by telephone.

The motion is denied as moot.

4. <u>Plaintiff's Motion for Recusal (#35) and Plaintiff's Motion to Withdraw the Motion for Recusal (#39)</u>

The Motion to Withdraw is allowed which renders unnecessary a ruling on #34.

5. <u>Plaintiff's Motion for Reconsideration of the Denial of his Motion to Produce Court Records (#36) and Plaintiff's Motion for a Memorandum of Decision Regarding the Denial (#37)</u>

Plaintiff had sought an order that defendants reproduce and provide him with court records in an action pending in the Suffolk Superior Court, which was denied.

The pending motions are denied. Defendants have no obligation under any rule or statute to provide plaintiff with copies of court files equally accessible to him.

6. <u>Plaintiff's Motion for Declaratory Judgment (#38)</u>

This motion sets forth plaintiff's substantive arguments as to why the conduct for which he was disciplined is either protected or not illegal. This is properly considered in connection with Defendants' motion to dismiss (#45).

7. <u>Plaintiff's Motion for Sanctions against Defendants' Counsel (#42)</u>

Plaintiff characterizes as untruths statements by defense counsel in the opposition to #14. Counsel's arguments are just that. The motion papers do not support plaintiff's accusation. The motion is denied.

8. <u>Defendants' Motion to Dismiss (#45)</u>

The court will consider this motion and decide it as soon as the matter of counsel for plaintiff is settled. If counsel is appointed, the court will also ascertain whether counsel wishes to file any further briefs or supporting documentation and, if so, allow additional time for that purpose.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |