UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 APR -5  A 11: 38

U.S. DISTRICT COURT
DISTRICT OF MASS

JOSEPH PETER SCHMITT, Pro se,    )
          Plaintiff,             )
                                 )
     vs.                         )   C.A. No. 04-10451-RWZ
                                 )
JEFFREY SMITH, et al.,           )
_____Defendants_____   )


### PLAINTIFF'S EMERGENCY MOTION FOR STAY OF ACTION

Now comes the Plaintiff in the above entitled action, Joseph
Peter Schmitt, and moves this court for an **EMERGENCY STAY OF ACTION**
so as he may obtain counsel to represent him in the above action
and the companion case before this court; Joseph Peter Schmitt vs.
Patrick Mulvey, et al. Civil Action No. 04-10717-RWZ.

As grounds the Plaintiff states the following **under pains and
penalties of perjury:**

1.   United States District Judge Rya W. Zobel made an ORDER
on March 30,2005 regarding "Plaintiff's Motion to Appoint Counsel (#31)"
stating, "Although the court has not ruled on the motion, it has
attempted since the beginning of the year, to secure counsel to represent
plaintiff. So far its efforts have been fruitless. If counsel can be
found, the motion will be allowed and counsel appointed. However,
particularly in light of plaintiff's understandable impatience, unless
the court is able to obtain counsel within the next 10 days, the
motion will be denied."

2.   Plaintiff, if he had been informed of this fact sooner,

(2)

would have been able to assist in trying to secure counsel. How-
ever Plaintiff only discovered this fact on April 1,2005 and now
faces being forced to proceed in such a complex action with poten-
tial grave consequences, as this action has direct impact on his
SDP Civil Action in the Worcester Superior Court.

3.    Plaintiff has absolutely no knowledge of what to do
from this point on in his cases. He is unskilled in the law, and
the fact that he has filed numerous actions in both the Superior
Court and the U.S. District Court is not a showing of his abilities
in law. Forcing Plaintiff to proceed pro se from this point on
clearly violates his due process rights as he is facing an Attorney
[more likely a staff of attornies from the Department of Correction]
who is highly skilled and has unlimited access to case law which
the Plaintiff has absolutely no access to.

4.    Plaintiff is now vigorously seeking assistance from
counsel from various agencies and avenues available to him. This
process shall take some time to aquire counsel able to represent
Plaintiff in such a case.

WHEREFORE, Plaintiff requests this court grant the above
motion and ORDER A STAY OF ACTION for a period not to exceed 60 days.


Dated April 4,2005

                          Respectfully submitted,

                          Joseph Peter Schmitt, Pro se
                          MA. Treatment Center
                          30 Administration road
                          Bridgewater, Massachusetts
                          02324-3230

(3)

CERTIFICATE OF SERVICE

I, the pro se Plaintiff, Joseph Peter Schmitt, hereby
certify that a true copy of the above document was served upon
defendants counsel Phillip W. Silva by institutional mail on
April 4, 2005

Joseph Peter Schmitt, Pro se