UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se,
    Plaintiff,

vs.                                    Civil Docket No. 04-10451-RWZ

JEFFREY SMITH, et al.,
    Defendants

(   PLAINTIFF'S MOTION FOR COURT ORDER OF PRODUCTION  )
(       OF MAIL MONITOR RECORDS FROM DEFENDANTS      )

    Now comes the pro se plaintiff in the above-captioned action and moves this Honorable Court for an ORDER to have the defendants produce records relevent to their mail monitor on the plaintiff's mail.

    Plaintiff specifically requests all mail monitor records created from his incarceration at MCI-Cedar Junction in Walpole Massachusetts during the period including 2000 to August 2002.

    As grounds therefor, plaintiff states the following.

1.   Defendants, in their motion entitled, Defendants' Supplement To Their Motion To Dismiss, Or In The Alternate, For Summary Judgemnt, allege that the reason they censored the mail at issue of this complaint is because it contained material that violated the General Laws of the Commonwealth of Massachusetts, specifically G.L. c. 272, §35A and G.L. c. 265 §23, and as such this material further violated 103-CMR-481.14(1), 103-CMR-481.15.(2)(a) through (g) and, 103-CMR-481.15(2)(f).

    (A) Defendants clearly dismissed any and all offenses that could be considered as a threat to security, rehabilitation etc. , which shows there was no such concern.

    (B) Being a letter only there is absolutely **no way such** material would fail a fluoroscope examination as it was simply nine pages folded in a legal number 10 white envelope with adequate U.S. Postage afixed. See defendants motion to dismiss which was electronically filed by defendants on February 25,2005. A fluoroscope examination does not show the context of the written letter. It can only show the

(1)

oporator of the machine such controband items like, a razor blade, a wooden shank, human hair, or other such materialistic items.

Plaintiff contends that there is technology today that can analize many pages of wriiten material and seperate it into a readably format. However this technology is priced in the millions and it is not even realistic to assume the DOC would be using such technology when their buget can hardly keep with basic needs of the prison population.

(C) A personal account of an individuals real life sex life does not meet the standars of being material that encourages or instructs in the commission of a criminal activity, as defendants allege in their supplement motion to dismiss.

2. In their motion(s), defendants often refer to the 103-CMR-481 Inmate Mail Policy, yet not once have they provided any undisputed physical evidence that would give weight to their far fetched allegations as to what specifically caused them to open a sealed pre addressed and stamped number 10 white envelope containing an unknown subject matter in written format, then photo copy the nine pages enclosed and the front and back sides of the enveope and further not mail the letter and subject plaintiff to a disciplinary action, which is in evidence in this immediate action before the Court.

3. Plaintiff has the right to expect that the Department of Correction officials follow their own policies. See <u>Payne v. Block,</u> 714 F2d 1510 (11th Cir. 1984).

4. Defendants newest claims ring hollow against their actions as detailed above. This fact has been documented in plaintiff's motions throughout this action and related actions before this Court.

5. Department of Correction officials have committed foul actions against the plaintiff in the not so far off past. Officers at the Nemansket Correctional Facility have been proven under oath during plaintiff's MGL 123A SDP Trial to have 1) created unaccountable evidence of an alleged sexual abnormal nature against plaintiff (testimoney of Robert Clauss) and, false allegations of plaintiff being in possession of picturial type child pornography (testimoney of Robert Deanault and John Dankievitch). These three individuals are or were IPS Officers. They shall face civil action by the plaintiff very soon for their illegal actions. The Court should be aware of the fact that such actions are nearly normal within the self-regulated confines of the Commonwealth's Department of Correction. Such acts are further damaging by DOC counsel such as the present defendants counsel by trying to blind the Court with allegations as those made in the defendants motions

"Defendants' Supplement To Their Motion To Dismiss, Or In The Alternate, For Summary Judgemnt" and "Defendants' Motion For Reconsideration." Plaintiff simply can not believe that any attorney would resort to such incredible rubish. Such allegations would never be made by a first year law student. Plaintiff, a high school drop out with very little legal experience knows for fact that G.L. c. 272, §35A, G.L. c. 265, §23, G.L. c. 272, §4, and G.l. c 272, §28 can not be used in a case involving fictional charactors. The law may only be applied to real victims and real life crimes. Defendants latest round of defensive motions clearly are destined to fail the most liberal review of this Court, which is only justified by letter of law.

6.  Plaintiff has attempted to obtain these records for some time and is told that they either do not exist or that they do exist but are a security issue and as such plaintiff has no authority or right to review them.

Defendants have given up their right or allegation of such right to withhold such evidence from plaintiff for the simple and undeniable fact that they themselves point to these rules and regulations which allegedly authorized them to censor the mail of plaintiff, and becaus eof this fact, plaintiff now has the right to demand the production of all documents and records pertaining to this mail monitoring issue.

7.  Defendants have been acting in conjunction with the Worcester District Attorneys office since October 17,2001 as far as documented DOC records plaintiff has been able to obtain shows. More than once plaintiff has sought relief only to be shot down by one agency or another of the Commonwealth, as well as Superior Court Judges. Counsel for defendants now even attempt to introduce into this and or the related case 04-10717-RWZ the fact that six or eight cases filed against the DOC in 1999 at Suffolk Superior Court were dismissed. Plaintiff prays to God above he had the knowledge he does today back then because he would not have been subjected to the judicial errors and unjust actions without a major fight to the highest court of the land. Those 1999 case have nothing to do with the present case and defendants counsel only attempts to introduce controversy to this action because "FINALLY" plaintiff has his case before an impartial and constitutionally conscious Justice of the Court whom does not appear to bend over backwards to protect the corruption of the DOC and its public employees.

### CONCLUSSION

For the above numerated reasons plaintiff moves this Honorable Court to GRANT

this motion and issue an ORDER to the defendants to produce the indicated records and to do so without delay.

Dated; January 30, 2006

Respectfully Submitted,

*[signature]*

Joseph Peter Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

### Certificate of Service

I, Joseph P. Schmitt, hereby certify that a true copy of the above motion was served upon counsel for defendants, C. Raye Poole, via institutional mail at 70 Franklin Street Suite 600 Boston Massachusetts 02110-1300 on January 31, 2006

*[signature]*

Joseph P. Schmitt, pro se