UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se.,
   Plaintiff,

vs.            Civil Docket No. 04-10451-RWZ

JEFFREY SMITH, et al.,
   Defendants.

(  PLAINTIFF'S EMERGENCY MOTION TO STAY DEFENDANT'S  )
(  PENDING MOTIONS UNTIL SUCH TIME AS THE COURT HAS RULED  )
(    ON PLAINTIFF'S OUTSTANDING MOTIONS AND    )
(  SPECIFICALLY PLAINTIFF'S MOTION FOR COURT ORDER OF  )
(  PRODUCTION OF MAIL MONITOR RECORDS FROM DEFENDANTS'  )

  Now comes the pro se plaintiff in the above captioned action and moves this Honorable Court to Stay defendants' pending motions until such times as the Court has ruled on plaintiff's outstanding motions and specifically plaintiff's motion for court order of production of mail monitor records from defendants.
  As grounds thereof, plainiff states the following:
1. Defendants, having assigned new counsel to this action, filed a supplement to their motion to dismiss, or in the alternative, for summary judgement.
2. In this above noted supplement to the motion to dismiss, counsel C. Raye Poole attempts to allege that plaintiff's written account of his boyhood homosexual experience with a likewise aged male peer in Yantic Connecticut during the summer of 1977 somehow violates the laws of the Commonwealth, specifically G.L. c. 272, § 35A and G.L. c. 265, § 23, and because of this alleged fact, the defendants had clear authority pursuant to 103-CMR-481.15(2)(f), to censoe plaintiffs' mail. This brings to light numerous questions which the plaintiff will,must, present:

  (A) The alleged crime took place in the year of 1977. Any reasonable person with a basic education in mathematics can conclude that fact by subtracting the clearly stated age of the plaintiff at the time depicted in the story, which is 12ish, from the age of the plaintiff at the time of the censoring of that pice

1

of mail, which was 37. Defendants' would be hard pressed to try to claim they were ignorant to the fact that they couldn't determine that the plaintiff was not a twelve year old boy at the time of the alleged March 2002 mail policy infraction, or that they couldn't determine the year the described incident took place in the plaintiff's written account being mailed to a consenting adult who was a free citizen of the United States.

(B) If Defendants' believed defendant had violated a law of the Commonwealth they failed to take any action upon it as public employees. This would be a clear violatin of state law since it was a crime to not to report child rape allegations to the law enforcement authorities. Obviously, the defendants didn't believe any crime was perpetrated by the plaintiff as counsel, well after the fact was established, is now trying to allege is the basis of the defendants' authority to have violated plaintiff's rights.

(C) Even assuming, **arguendo**, that plaintiff violated the law in ways of rape by experiencing sexual intimacy with a fellow twelve year old boy, the Commonwealth General Laws do no apply as counsel claims, very reduntantly in her motion(s). It is clearly established that each state is governed by its own laws. Age of consent varies from state to state and so do the criterion for individual sex offenses vary from state to state. A fact that defendants' counsel clearly must know being a 1996 graduate to the Massachusetts Bar.

3.  Defendants further attempt to claim that plaintiff's writing of his real life experience with his dear and intimate young friend is some sort of material that promotes the sexual explotation of children. This allegation is unfounded for the following reason:

(A) Plaintiff intended this writen account of his personal life to be read by specific aduld homosexual friends who share their personal past with him.

(B) In no way at all did plaintiff encourage his adult recipient of his story to go out and molest child.

(C) As a matter of documented fact in Masachusetts law is the case against the North American Man Boy Love Association being sued by the Curly parents. This case already determined that such material is protected by the first Amendment, and further, that is does not encourage the abuse of children. See palintiff complaint under "LEGAL ARGUEMENTS" First paragraph. This clearly invalidates the defendants unfounded and unsupported claims.

4. Defendants' latest attempt to have plaintiff's just and lawful complaint dismissed is nothing more than a delay tactic by the DOC's legal division. This is a routine happening when the DOC is sued by an inmate. DOC counsel has a clear habit of filing papers that are in reality irrelevant to the case at hand. The plaintiff's case is no exception to this DOC Legal Division rule of thumb evidenced by the latest motions filed by defendants counsel C. Raye Poole.

## CONCLUSION

5. Plaintiff is a firm believer and supporter of this great Country's Constitution. Because of this undeniable fact, he does not object to the defendants filing of frivolous and ignorant motions and pleadings. However, in the pure interest of justice and equality, plaintiff strongly moves that this Court does not act on any motion filed on the behalf of the defendants until such time as said Court review and answer all plaintiff's motions including his motion for court order of production of mail monitor records from defendants, which palintiff believes will further cause the defendants supplement to their motion to dismiss, or in the alternative, for summary judgemnt to be dismissed as being moot.

Dated: January 30, 2006

Respectfully Submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

### Certificate of Service

I, Joseph P. Schmitt, hereby certify that a true copy of the above motion was served upon counsel for defendants' C. Raye Poole via institutional mail at 70 Franklin Street Boston Massachusetts 02110-1300 on January 31, 2006

Joseph P. Schmitt, pro se

3