UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 APR 12 P 3: 07

US DISTRICT COURT

Joseph P. Schmitt, pro se,
    Plaintiff,
  v.
Jeffrey Smith, et al.,
AND
Patrick Mulvey, et al.,
    Defendants.

CIVIL ACTION NO. 04-10451-RWZSS
CIVIL ACTION NO. 04-10717-RWZ

PLAINTIFF'S MOTION FOR RECONSIDERATION
AND/OR NOTICE OF APPEAL

    Now comes the pro se Plaintiff in the above captioned actions, and moves this Honorable Court for reconsideration of its decision to grant **Defendants Motion For Directed Verdict**.

    As grounds therefor, Plaintiff states the following:

    1.  On the first day of trial, Plaintiff called and quested many defendants and witnesses.

    2.  Plaintiff was in fact pressured by the defendants counsel to question witnesses before the defendants. This fact along with the obvious fact that the Plaintiff has never before prosecuted a civil action in front of a jury, created a great deal of confussion for the inexperienced Plaintiff.

    3.  As stated on the record, Plaintiff did in fact specifically question defendants counsel, C. Raye Poole, asking if he in fact quested all the defendants prior to informing this Honorable Court that he was in fact finished with the representation of his cases.

    4.  Due to the fact that Plaintiff had absolutely no access to the law library during the week of April 3, 2006 through April 7, 2006, he was unable to research this matter and must rely upon his commonsense of law and the fairness of justice for his above motion.

    5.  Defendant's counsel C. Raye Poole, had filed motions in the above cases with specific mention that this Plaintiff should be held responsible to the same rules of conduct as all attorneys of the Commonwealth. With this fact in mind, Plaintiff strongly questions the fact that Ms. C. Raye Poole conduct, insofar that she failed to notify this inexperienced pro se plaintiff that he had not questioned defendants Ernest Therien and William Faria when asked specifically if he had in fact questioned all defendants, has showed a blatant discourtesy towards opposing counsel. Surely Ms. Poole would not have conducted herself in

the above described manner if Mr. Schmitt (the pro se Plaintiff) was a registered attorney of the Massachusetts Bar Association.

6. Plaintiff plainly admits that he erred by failing to call Ernest Therien and/or William Faria to the stand to be questioned during the presentation of his cases. However, during the trials second day, when counsel for the defendants called to the stand to testify, all the defendants, Plaintiff did in fact question both defendants Therien and Faria. Plaintiff further contends that the necessary elements to establish a First Amendment violation against these two defendants was in fact clearly established by the preponderance of evidence brought to light by the defendants testimony under oath while questioned by their own counsel and the Plaintiff.

7. In accordance with this Honorable Courts Jury Instructions, the jury would have been able to clearly establish the fact that the above noted defendants did have a substantial part in the violation of Plaintiff's First Amendment rights, and as such would have answered yes to questions one and three on the QUESTIONS TO THE JURY ON SPECIAL VERDICT. Also, the jury very possibly would have granted the Plaintiff more damages in questions two and four.

8. Plaintiff plainly admits that he did agree to have the two defendants dismissed from the case, but he respectfully reminds this Honorable Court that he did state that he believes it was unjust because he did specifically ask the defendants counsel, C. Raye Poole, if he did in fact question all the defendants prior to informing the Court that he has completed his presentation of his cases. As a pro se Plaintiff this Honorable Court should have extended a greater assistance to this Plaintiff and specifically should have brought defendants counsel and Plaintiff to side bar to discuss this matter further as it was clearly exposed that that counsel C. Raye Poole had resorted to borderline unethical and/or unprofessional conduct by withholding known facts from this untrained pro se plaintiff/opposing counsel.

WHEREFORE, Plaintiff respectfully moves that this Honorable Court review and strike its decision to grant the defendants motion for directed verdict to dismiss defendants, Ernest Therien and William Faria from the above captioned actions.

ALTERNATIVELY, Plaintiff gives notice of his intent to appeal and moves that this Honorable Court instruct its Clerk of Court to assemble all necessary records and transcripts for an appeal to be prosecuted in an expeditious fashion.

Dated: April 10, 2006

Respectfully Filed,

*[signature]*

Joseph P. Schmitt, pro se
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, pro se Plaintiff in the above captioned actions, hereby certify that a true copy of the above document was served upon C. Raye Poole, counsel for the defendants, via first class US Mail on or about April 11, 2006

*[signature]*

Joseph P. Schmitt, pro se