UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Schmitt,

    v.

JEFFREY SMITH, et al.,
Defendants

AND

JOSEPH SCHMITT,
    Schmitt,

    v.

PATRICK MULVEY, et al.,
Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR PRO SE ATTORNEY'S FEES, TO RECOVER EXPENSES, AND FOR RECONSIDERATION

Defendants in the above-captioned matters hereby oppose plaintiff, Joseph Schmitt's ("Schmitt"), motion for pro se attorney's fees (04-10451 Doc. No. 73), motion to recover expenses (04-10451 Doc. No. 74), and motion for reconsideration (04-10451 Doc. No. 75) for the reasons that follow.

### I.    MOTION FOR PRO SE ATTORNEY'S FEES.

Schmitt seeks attorney's fees in the amount of $3,000.00. "[A] pro se litigant is not entitled to attorney's fees for his own services." Miller v. Commissioner of Correction, 36 Mass App. Ct. 114, 121 (1994) (citing Kay v. Ehrler, 499 U.S. 432, 113 (1991) (lawyer who represents himself not entitled to fees under § 1988)). Thus, this motion should be denied as meritless.

II.     **MOTION TO RECOVER EXPENSES.**

Schmitt seeks costs in the matter in the amount of $97.22 for postage and $35.00 for envelopes, pens, typewriter ribbons, correction ribbons, typing paper, and legal pads.  His motion should be denied.

As this Court stated in its March 1, 2006 Order:

> On March 30, 2005, the court ordered Schmitt to cease filing the same motion more than once.  Since then Schmitt has continued his exceedingly active motion practice, including motions with titles different from each other, but seeking identical or substantially identical relief.  In addition, many of the motions are legally baseless.  The court will now rule on all pending motions on the merits, but Schmitt is warned that any subsequent duplicative motions will result in the dismissal of the action.

Consequently, Schmitt should not be rewarded for this behavior by being reimbursed for any alleged expenses.

Furthermore, Schmitt has failed to provide any documentation whatsoever for any of these alleged expenses, despite claiming that he has attached receipts to the motion.  In addition, Schmitt falsely states that he has incurred expenses from conducting service of the summons and complaint upon the defendants, when the docket sheets reflect that he was granted leave to proceed in forma pauperis, with "all costs of service to be advanced by the United States."  (04-10451 Doc. Nos. 6, 10; 04-10717 Doc. Nos. 6, 8.)

Moreover, not only was Schmitt indigent for a portion of the time during which this case took place, thereby entitling him to postage at the expense of the Commonwealth, but he was also provided, <u>during the entire course of the litigation</u>, with the supplies for which he now seeks reimbursement, including paper, pens, and typewriting supplies, free of charge.  (Pushkina Aff.,

attached hereto as Ex. A.) To add insult to injury, on February 7, 2006, Schmitt pleaded guilty to attempting to steal a typewriter ribbon from the library by way of switching it with one of his own used-up typewriter ribbons which he had brought with him to the library. (OBR, attached hereto as Ex. B.) Accordingly, Schmitt should not be reimbursed for any so-called expenses.

### III.  MOTION FOR RECONSIDERATION.

Schmitt moves for reconsideration with regard to the dismissal of two of the named defendants, Officers Therien and Faria. Although Schmitt admits that he agreed to these two defendants being dismissed from the case following the defendants' motion for directed verdict, he now seeks to blame counsel for defendants for his failure to call these two defendants as witnesses in his case in chief. Schmitt is responsible for putting on his own case, and counsel for defendants are not required to assist him in litigating against their clients. Accordingly, this motion should be denied as meritless.

### CONCLUSION

For the foregoing reasons, Schmitt's post-trial motions should be denied. In addition, the defendants request that all future motions which he files in these closed cases be denied sua sponte, with monetary sanctions imposed against Schmitt as the Court sees fit for his relentless filing of frivolous and meritless motions.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

DATED: April 21, 2006							C. Raye Poole

/s/ C. Raye Poole

B.B.O. # 632719
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 147

Certificate of Service

I, C. Raye Poole, counsel for the defendants, hereby certify that on this 21st day of April 2006, I served a copy of the above motion by first class mail, postage prepaid, on the Schmitt, Joseph Schmitt, at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.

/s/ C. Raye Poole
C. Raye Poole