UNITED STATES DISTRICT COURT

Joseph P. Schmitt, pro se,      CIVIL ACTION NOS.
    Plaintiff                     04-10451-RWZ
                                           04-10717-RWZ
  -vs-

Jeffrey Smith, et al.,
AND
Patrick Mulvey, et al.,
    Defendants

## PLAINTIFF'S OPPOSITION

    Now comes the Plaintiff, Joseph P. Schmitt, and opposes the defendants oppositions to Plaintiff's motions entitled, Motion for pro se attorney's fees (04-10451-RWZ Doc. No. 73), Motion to recover expenses (04-10451-RWZ Doc. No. 74), and motion for reconsideration (04-10452-RWZ Doc. No. 75), for reasons that follow:

1.   MOTION FOR PRO SE ATTORNEY'S FEES.

    Plaintiff is pro se, not an attorney such as defendants counsel, C. Raye Poole. Ms. Poole erroneously cites case law that is irrelevant to the pro se Plaintiff. However, the following case law does fully support the Plaintiff's position for pro se attorney fees.

    Courts have held that the attorney's fees statute also permits the recovery of some litigation expenses, and that pro se plaintiffs may recover these expenses, even though they are not entitled to attorneys' fees. See; Burt v. Hennessey, 929 F.2d 457, 458 (9th Cir. 1991); Jermosen v. Smith, 733 F. Supp. 13, 14 (W.D.N.Y. 1990),

    Pursuant to 42 U.S.C. §1988 Plaintiffs who prevail against state or local officials are entitled to a "reasonable"fee.

2.   MOTION TO RECOVER EXPENSES.

    First and foremost is the fact that Natalya Pushkina's affidavit is irrelevant to this motion because nowhere does she state that the Plaintiff actually received any of the supplies offered to the entire population. Simply because the library offers supplies does not mean the Plaintiff did not and/or does not use his own funds to purchase supplies he needs. This affidavit is ambiguous and should not be considered by this Court.

    Plaintiff, upon reading the defendants motion has realized his error in forgetting to attach the claimed receipts. Correcting his

error, Plaintiff now attaches his receipts and asks the Court for its forgiveness and understanding that Plaintiff has a great deal of serious issues weighing on his mind and did not intentionally leave the receipts out of his original motion as defendants counsel is attempting to cast unjust light upon.

The defendants counsel further tries to claim that I am not entitled to recover my expenses because this Court instructed the Plaintiff not to file simular motions more than once. Also indicating that many motions were legally baseless. Plaintiff is not trying to get into a tit for tat situation here, but he must state that he is not a trained attorney or paralegal. The Massachusetts Bill of Rights as well as the United States Constitution guarnatees me equal access to the courts. This right clearly is not limited to the individuals education or legal knowledge. Plaintiff filed motions he believed were essential to the successful prosecution of his action. Appearently Plaintiff must have done something right because the jury came back with a verdict favoring the Plaintiff. Simply because the Plaintiff filed motions that do not compare to the defendants counsels superior skills and knowledge does not justify defendants counsel's assertions that I am not entitled to recover costs. It is a matter of record that defendants counsel also filed a duplicative motion and was informed of doing so by this Honorable Court.

With regards to defendants counsels allegations that Plaintiff failed to provide any documentation for his alleged expenses, Plaintiff attaches the receipts he does have available to this motion. Plaintiff further states that because the department of correction is extremely reluctant to supply Plaintiff with records which he requests that are for his law suits it is nearly impossible for him to obtain a copy of all his canteen purchase slips since the filing of the above two actions. These purchase slips would clearly show undeniable evidence that Plaintiff has purchased Typewriter ribbons, correction ribbons, writing paper, typing paper, stamps, envelope, pens and other stuff used for his above cases over a period of more than two years.

Plaintiff agrees that this Honorable Court granted him forma pauperis status. This fact does not mean that Plaintiff did not incur the expense of having to mail the complaint and summonse for each

of the defendants so the US Marshal could conduct service. Plus a copy was mailed to the required officials, all of which was out of pocket cost to the Plaintiff. Plaintiff's recipts very clearly show these expenses.

    Defendants counsel is being less than honest with her facts, and in a specific matter she is outright giving false information that is clearly intended to prejudice the Plaintiff. Counsel for the defendants states, " Moreover, not only was Schmitt indigent for a portion of the time during which this case took place, thereby entitling him to postage at the expense of the Commonwealth, but he was also provided, <u>during the entire course of the litigation</u>, with the supplies for which he now seeks reimbursement, including paper, pens, and typewriter supplies, free of charge." Plaintiff's inmate account records, and the Department of Correction's own policies regarding indigency status will put light to the less than honest allegations attorney C. Raye Poole is informing this Honorable Court. The Department of Correction does not allow free postage unless the inmates account has had less than $10.00 for (Plaintiff believes) a period of 60 to 90 days. Plaintiff had an active account until January 26, 2006.

    Plaintiff litterally had to go through great pains just to get the Department of Correction to mail out his legal mail prior to the required 60 or 90 day period. This fact may be veried by CPO Mr. Marrow at the Treatment Center.

    As stated in Plaintiff original motion to recover costs no costs after January 1, 2006 are being sought, even though PLaintiff clearly could claim several since he was not indigent until 1/26/2006 as stated above.

    Plaintiff's figures are very conservative. Most of his pleadings cost more than the standard $.37 or $.39 first class postage stamp. Plaintiff could not be any fairer with his request to be reinbursed.

    Plaintiff would have gladly documented every cost, but the treasures office refuses to accept charge slips for $.37 and/or $.39 postage. Also considering the fact that it takes days for the mail to be processed Plaintiff simply did not feel it worth the aditional stress and headaches of going this route to prove his expenditures.

Especially, when it is so easily proved that the motions received by the court's clerk and defendants counsel(with the few exceptions of free postage) were obviously mailed through the US Postal Service at a specific cost. Example; if Plaintiff mailed the court ten two page motions seperately, he surely would have had to pay $.39 per enveloped motion at a grand total of $3.90. This basic math is how PLaintiff arrived at his total costs. Fair and just in his view.

   Lastly, defendants counsel is clearly trying to introduce irrelevant issues into this case to gain the sympathy of the court and/or to prejudice the Plaintiff, yet again. Plaintiff was accused of attempting to steal a typewriter ribbon and he admits that he did plead guilty to the OBR. Plaintiff states the following under the pains and penalties of perjury. "On the evening of February 1,2006 Plaintiff was accused of trying to steal a typewriter ribbom from the library of the TReatment Center. However, when he was removed from said library by several correction officers and brought into an office next to the library and forced to undress to his naked body in front of four male officers and perform embarassing acts such as bending forward and having to spread his buttocks, to stand spread eagle and lift his scrotum and penis, there was never any ribbon found on Plaintiff's naked person, in his clothing or in his papers. Plaintiff was accused of something he felt was idiotic and not worth his time fighting at the administrative level. He agreed with the allegations simply to get the matter over with. He only faced 5 days loss of library which in reality isn't a real sanction as PLaintiff techically may not be deprived access to the library. Plaintiff was asked ny another civil detainee to turn in the used ribbon and that was all Plaintiff is guilty of." Furthermore, the fact that I am accused of <u>ATTEMPTING</u> to steal a ribbon in no way affects the fact that I bought and paid for such supplies well prior to this alleged ATTEMPTED THEFT. Counsel for the defendants is seriously grasping at straws in her attempt to deny PLaintiff his just compensations.

   Plaintiff is seriosly baffled by defendants counsel comment, "...Schmitt should not be reinbursed for any so-called expenses." One would have to deaf, dumb and blind not to realize that I have incurred costs by having to prosecute the defendants for violating

my US Constitutional Civil Rights. Plaintiff did not ask the defendants to abuse and violate his rights. But having suffered such abuses he surely has the guaranteed rights to pursue justice in a court of this great country, and should not be burdoned the expenses of such action especially when a jury returns a verdict in Plaintiff's favor, and would surely have found the two dismissed defendants just as liable if Plaintiff had not been rushed by the defendants counsels and in all do respect, this Honorable Court.

3.   MOTION FOR RECONSIDERATION.

Plaintiff reiterates the fact that profession courtesy should have been extended to Plaintiff by counsel C. Raye Poole when she was directly asked if by Plaintiff if all defendants and the named defendants were questioned. To resort to such a low standard as to use deception is seriously foul and unprofessional, especially from counsel who so very often motioned this Honorable Court to instruct Plaintiff to conduct himself in a professional manner.

Plaintiff's simple question in no way compromised the attorney client privilege. Counsel simply could have and should have answered Plaintiff's question honestly. Instead, she acted in such a foul and unprofessional manner as to decieve the Plaintiff into believing all defendants were in fact questioned after she and co-counsel pushed to have Plaintiff question the witnesses out of the order he had mentally established for these above captioned cases.

4.   CONCLUSION.

Here is yet more of the disregard towards inmates and civil detainees rights by Department of Correction officials. This DOC official representative would have this Plaintiff's rights to access the courts completely chilled, because said official opinions that Plaintiff's motions are frivolous and meritless.

By the very verdict of the seated Jury in the above captioned actions on April 5, 2006, I simply must say that it is painfully clear that Ms. C. Raye Poole is blinded to the truth.

Plaintiff has the absolute right to challenge any and all motion,

pleading, ruling or any other legal action taken in these above captioned cases. Plaintiff willnot cease fighting for his rights regardless what counsel, C. Raye Poole has to say about it at any time. No case is closed until every last issue has been completely resolved. The above cases have many ongoing issues and Plaintiff very much intends to get them resolved, each and every issue as is his guaranteed rights.

**FOR THE FOREGOING REASONS,** Plaintiff moves that this Honorable Court deny and dismiss the defendants opposition with prejudice.

Dated: April 25, 2006

Respectfully Filed,

*/s/ Joseph P. Schmitt*

Attachments:
11 Bridgewater Complex
Charge Slips ($31.42)

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, pro se Plaintiff in the above captioned actions hereby certify that a true copy of the above documents were mailed to C. Raye Poole, counsel for the defendants @ 70 Franklin Street, Suite 600 Boston Massachusetts 02110-1300 on or about April 26, 2006

*/s/ Joseph P. Schmitt*
Joseph P. Schmitt, pro se

**BRIDGEWATER COMPLEX CHARGE SLIP**

CIRCLE ONE: (MTC)  SECC  OCCC  MBC  BSH

DATE: 2-1-05

CHARGE $ 3.85 TO THE ACCOUNT OF

INMATE NAME: Joseph Schmitt

COMM #: M-81137

PAYABLE TO: Postage

FOR: Postage and to USDC in Boston

INMATES SIGNATURE: [signature]

APPROVED BY: A. C. Mauron

CK # _____ DATE PAID _____

*ACCESS TO SAU~~~~ REQUEST ATTACHED*

## BRIDGEWATER COMPLEX CHARGE SLIP

CIRCLE ONE: (MTC)  SECC  OCCC  MBC  BSH

DATE: 2-23-04

CHARGE $ 2.78 TO THE ACCOUNT OF

INMATE NAME: Joseph P. Schmitt

COMM #: M-81137

PAYABLE TO: Postage

FOR: 10×13 to U.S. District Court
62 pages                RAIN DANCE

INMATES SIGNATURE: [signature]

APPROVED BY: [signature]

PAID  FEB 27 2004

CK # _____ DATE PAID _____

**BRIDGEWATER COMPLEX CHARGE SLIP**

CIRCLE ONE: (MTC)  SECC   OCCC   MBC   BSH

DATE: 10-8-04

CHARGE $ 10.85 _____ TO THE ACCOUNT OF

INMATE NAME Joseph Schmitt

COMM # M-81137

PAID OCT 12 2004

PAYABLE TO: Postage

FOR: Cert RR to US Marshal  (7 10x13 packages)
7003-1010-0002-6838-1767

INMATES SIGNATURE: _____

APPROVED BY: _____

CK # _____ DATE PAID _____

## BRIDGEWATER COMPLEX CHARGE SLIP

CIRCLE ONE:  [MTC]  SECC   OCCC   MBC   BSH

DATE: 3/19/05

CHARGE $ .83 TO THE ACCOUNT OF

INMATE NAME  Joseph P. Schmitt

COMM # M-81137           PAID
                    MAR 21 2005

PAYABLE TO: POSTAGE

FOR: LEGAL TO USDC CLERK  "SMITH CASE"

INMATES SIGNATURE: _____

APPROVED BY: _____

CK # _____  DATE PAID _____

## BRIDGEWATER COMPLEX CHARGE SLIP

CIRCLE ONE:  (MTC)  SECC  OCCC  MBC  BSH

DATE: 3/19/05

CHARGE $ _____.83_____ TO THE ACCOUNT OF

INMATE NAME __Joseph P. Schmitt__

COMM # __M-81137__

PAYABLE TO: __Postage__     PAID MAR 21 2005

FOR: __Legal to Lorence Pagano__

INMATES SIGNATURE: _[signature]_

APPROVED BY: _____

CK # _____     DATE PAID _____

## BRIDGEWATER COMPLEX CHARGE SLIP

CIRCLE ONE:  [MTC]  SECC  OCCC  MBC  BSH

DATE: 3/18/05

CHARGE $ .83 TO THE ACCOUNT OF

INMATE NAME  Joseph P. Schmitt

COMM # M-81137

**PAID**
**MAR 2 1 2005**

PAYABLE TO: Postage

FOR: 7 pg Opposition w/cover letter
legal to USDC in Boston

INMATES SIGNATURE: _[signature]_

APPROVED BY: _____

CK # _____ DATE PAID _____

Access Pushing Report Attached

**BRIDGEWATER COMPLEX CHARGE SLIP**

CIRCLE ONE: (MTC)  SECC  OCCC  MBC  BSH

DATE: 2-23-04

CHARGE $ 2.55 TO THE ACCOUNT OF

INMATE NAME: Joseph P. Schmitt

COMM #: M-81137

PAYABLE TO: Postage

FOR: 10x13 to Christopher Locanto
56 pages      Rain Dance

INMATES SIGNATURE: [signature]

APPROVED BY: [signature]

PAID

CK # _____ DATE PAID: FEB 27 2004

**BRIDGEWATER COMPLEX CHARGE SLIP**

CIRCLE ONE: (MTC) SECC  OCCC  MBC  BSH

DATE: 3-26-04

CHARGE $ 3.85 _____ TO THE ACCOUNT OF

INMATE NAME Joseph P. Schmitt

COMM # M-81137

PAYABLE TO: Postage

FOR: 10x13 to U.S. District Court
weekend in Papdega Civil action

INMATES SIGNATURE: [signature]

APPROVED BY: [signature]

PAID
APR - 5 2004

CK # _____ DATE PAID _____

**BRIDGEWATER COMPLEX CHARGE SLIP**

CIRCLE ONE: (MTC)   SECC   OCCC   MBC   BSH

DATE: 3-26-04

CHARGE $ 3.85 _____ TO THE ACCOUNT OF

INMATE NAME: Joseph P. Schmitt

COMM #: M-81137

PAYABLE TO: Postage

FOR: 10x13 to Christopher Locurto, Attorney, copy of USDC Weekend in Paradise

INMATES SIGNATURE: [signature]

APPROVED BY: [signature]

PAID
APR - 5 2004

CK # _____ DATE PAID _____

## BRIDGEWATER COMPLEX CHARGE SLIP

CIRCLE ONE: (MTC)  SECC   OCCC   MBC   BSH

DATE: 10-8-04

CHARGE $ 14.60 TO THE ACCOUNT OF

INMATE NAME: Joseph Schmitt

COMM #: M-81137

PAYABLE TO: Postmaster    PAID OCT 12 2004

FOR: Cert RR to US Marshal
7 10x13 envelopes
#7004 1160-0007-1647-4266

INMATES SIGNATURE: [signature]

APPROVED BY: [signature]

CK # _____ DATE PAID _____

## BRIDGEWATER COMPLEX CHARGE SLIP

CIRCLE ONE: (MTC)  SECC  OCCC  MBC  BSH

DATE: 4-5-05

CHARGE $ 60¢ TO THE ACCOUNT OF

INMATE NAME: Joseph P. Schmitt

COMM #: M-81137

PAID APR 12 2005

PAYABLE TO: Postage

FOR: 9x12 to U.S.D.C. Clerk
Schmitt v. Mulvey

INMATES SIGNATURE: [signature]

APPROVED BY: [signature]

CK # _____ DATE PAID _____