# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

(SEAL)

CIVIL DOCKET# **PLCV2005-00081**

John A Morrissey,
    Plaintiff,

vs.

Kathleen Dennehy,
Robert Murphy, and John Wells,
    Defendants.

## JUDGMENT

This action came on before the Court, Robert C. Rufo, Justice, presiding, upon the plaintiff's motion for summary judgment and the defendants' motion for judgment on the pleadings, and the court after hearing and upon consideration of the submissions, issued a Memorandum of Decision and Order allowing the defendants' motion, therefore,

It is **ORDERED and ADJUDGED**:

The complaint of the plaintiff, John A. Morrissey, be and hereby is DISMISSED against the defendants Kathleen Dennehy, Robert Murphy and John Wells, and the defendants shall have their costs of action.

Dated at Plymouth, Massachusetts this 8th day of May, 2006.

                                                  Francis R. Powers,
                                                Clerk of the Courts

By:..................................................
                                                          Assistant Clerk

Copies mailed 05/08/2006

cvdjudgen_1.wpd 513104 judgm balerada

**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                SUPERIOR COURT DEPARTMENT
(SEAL)                                       OF THE TRIAL COURT
                                             CIVIL ACTION: 05-0081B

JOHN A. MORRISSEY,
        Plaintiff

vs.

KATHLEEN DENNEHY, Commissioner
        of Correction
ROBERT MURPHY, Superintendent,
        Massachusetts Treatment Center
JOHN WELLS, Disciplinary Board Member,
        Massachusetts Treatment Center
                Defendants

### MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

After hearing and full review of the administrative record, the court finds the decision of the Defendants was not based on errors of law or unlawful procedure, was supported by substantial evidence and warranted by the facts found in the administrative record and rendered in accordance with agency regulations.

The Court finds that the Massachusetts Treatment Center ("MTC") followed all applicable procedures and regulations regarding the charges of unauthorized sexual contact and the unauthorized possession pornographic materials. Moreover, the subsequent disciplinary actions are supported by substantial evidence in the form of numerous sexually explicit letters and documents seized from the Plaintiff's cell and an admission detailed in a Disciplinary Report prepared by MTC Officer Robert Clauss on October 18, 2004. As to Plaintiff's remaining

MAY - 9

claims, the Court finds that Rule 20 contained in Appendix B to the Procedural Attachment to 103 DOC 400, which disallows possession of "offensive pictures or literature" is reasonably related to legitimate penological interests. Mass. Prisoners P.A.C. v. The Acting Governor, 435 Mass. 811, 819 (2002) quoting Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff received sufficient notice of this rule in that it also appears as Rule 18 on page five of the Treatment Center Inmate Orientation Handbook given to Plaintiff upon his admission to the MTC. Accordingly, the Plaintiff's certiorari claims under G.L. c. 249 § 4, G.L. c. 231A, G.L. c. 214 § 1 and for damages pursuant of 42 U.S.C. §1983 are dismissed and the Court allows Defendants' Motion for Judgment on the Pleadings.

Robert C. Rufo, Associate Justice

Date: May 4, 2006

Copies mailed May 8, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
Schmitt,

v.

JEFFREY SMITH, et al.,
Defendants

AND

JOSEPH SCHMITT,
Schmitt,

v.

PATRICK MULVEY, et al.,
Defendants.

**AFFIDAVIT OF ROBERT MURPHY**

I, Robert Murphy, hereby depose and say:

1. I am the Superintendent at the Massachusetts Treatment Center ("Treatment Center") in Bridgewater, Massachusetts. I have held this position since November of 1997.

2. The Treatment Center is a correctional facility housing approximately 620 males. All of the incarcerated individuals are sex offenders. They are either civilly committed for a day to life as sexually dangerous persons, awaiting a civil commitment hearing (or determination thereof) for sexual dangerousness, or serving a sentence for a sex crime.

3. Joseph Schmitt is an inmate currently housed at the Treatment Center pending determination of his civil commitment hearing He was transferred to the Treatment



EXHIBIT B

2

Center on August 9, 2002, from MCI-Cedar Junction, a maximum security institution, having completed a four to eight year sentence for two counts of rape of a child.

4.   Everyone who is housed at the Treatment Center is prohibited from "[p]ossessing unauthorized sexually explicit or offensive-related printed material or objects." 103 CMR 431.11, offense C-13. This restriction includes the prohibition of all sexually explicit materials, as such materials are contrary to the rehabilitation goals and treatment and security needs of the Treatment Center. Such materials may be used as a form of currency, to incite anger and violence among the population, and to continue to feed the sexual deviance of those who come into contact with such material. The prohibition of possession of such materials is, therefore, reasonably related to legitimate penological interests.

5.   As a civil detainee at the Treatment Center, Schmitt is prohibited from possessing the stories that are the subject of this litigation, i.e., stories that describe sexual acts involving children.

I hereby certify on this 10th day of May 2006, under the penalty of perjury that the foregoing is true and correct.

Robert Murphy