UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAY 26  P 3:18

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,

-vs-

JEFFREY SMITH, et al.,
&
PATRICK MULVEY, et al.,
    Defendants

PLAINTIFF'S OPPOSITION TO DEFENDANTS' OPPOSITION TO SCHMITT'S
MOTION FOR COURT ORDER AND MOTION FOR SANCTIONS

    Plaintiff in the above captioned actions hereby oppose defendants opposition to his motion for court order (04-10451-RWZ Docket # 72) and motion for sanctions, for the following reasons.

1.     THE STORIES WILL NOT BE RETURNED TO SCHMITT BECAUSE THEY CONTINUE TO BE HELD AS EVIDENCE PURSUANT TO THE DEPARTMENT'S SEARCH POLICY AND BECAUSE SEXUALLY EXPLICIT MATERIALS ARE PROHIBITED AT THE MASSACHUSETTS TREATMENT CENTER.

A.     The Stories Cintinue To Be Held As Evidence Pursuant to The Department's Search Policy.

    Defendant's counsel is withholding vital known facts about this matter from the Court. The Plaintiff has notified C. Raye Poole, that all evidence involved in the above cases, specifically the written letters and mailing envelopes are to be forwarded to a street address in Albuquerque New Mexico, to my friend who has offered to care for my personal belongings for me.

    Defendant's counsel deliberately withholds truths and fabricates facts for the specific purpose of putting Plaintiff in a negetive light.

    Defendant's counsel makes a big deal about Plaintiff wanting the discipline matters expunged from my prison records. Counsel clearly states my request is inappropriate because the issue is moot, as I am no longer an incarcerated inmate, but, rather, a civil detainee. It blows my mind how quickly Counsel C. Raye Poole, and every other DOC counsel, is so quick to use that fact when it is to their advantage. Well, if said counsel wishes to rely upon this, then Plaintiff must insist that as a matter of equal justice and fairness, defendants' allegations that the stories are being held as evidence pursuant to the department's search policy must be considered just as moot because plaintiff is no longer an incarcerated inmate, but, rather, a civil detainee with a greater range of rights.

There is absolutely no realistic reason for the defendants to keep my personal property. This action on the behalf of the defendants defy the very decision of the jury. The record clearly states the jury found that the actions of the defendants censoring, confiscating and disciplining me for the written material intended for my adult friends did in fact violate my rights. Commonsence dictates that the very next step would be that said personal written material must be returned to the Plaintiff. In this case because such material may or may not be against policy to retain at the Nemansket Correctional Facility, Plaintiff has on more than one occassion informed C. Raye Poole, counsel for the defendants, that said material is to be mailed to a specific out of state citizen.

Counsel for defendants seem to boast about the fact that the departments policy (103-DOC-506 Search Policy) has no specific requirements about time limits for the return of conficated property. This reeks of the very basis due process right violations. In essence the department of correction, on a whim, can confiscate any inmates personal property under the guise of investigation and keep the property indefinately. This in any way you look at it legally reeks of CIVIL RIGHTS INFRINGEMENTS. Plaintiff has a property interest in the material illegally removed from his outgoing mail, and as such there are due process rights that must be honored and recognized. As an attorney of the Massachusetts Bar Association, C. Raye Poole surely must have some idea of this fact.

B. The Stories Are Prohibited At The Treatment Center.

This argument is moot as Plaintiff is not and has never asked to have the materials given to him at this Facility, but, rather has provided defendants counsel with the name and address of a citizen of New Mexico to mail the material to and has even offered to pay the postage for said mailing.

1.  The History Of The Treatment Center And The Federal Consent Decree Litigation.

Counsel here is once again barbarding this Court with volumonous motions and oppositions.

Plaintiff is not civilly committed and nothing in this section has any bearing on the fact that the actions of the defendants have been determined, by a jury of the defendants peers, and at their specific request, to be in violation of PLaintiff Constitutional Rights. The volumonous facts and opinions stated by counsel is specifically intended for "Sexually Dangerous Persons Committed To The Treatment Center (Nemansket Correctional Facility) For A Term Of One Day To Natural Life." Defendants arguemnet is not relevant to Plaintiff as Plaintiff is simply a temperary Civil Detainee awaiting a decision on his SDP 123A Trial.

    2.    Approval Of The Discipline System For SDP's.

Plaintiff will not give any response to this as he is not an SDP and defendant's counsel, as stated previously, is attempting to overwhelm this Court with volumonous motions and oppsitions designed to put Plaintiff in a bad light.

It is ironic that defendants counsel so often accuses this Plaintiff of filing frivolous motions and wasting the Court's time, but here she is doing the very same thing ten fold.

    II.    SCHMITT IS NOT ENTITLED TO HAVE THE DISCIPLINE EXPUNGED FROM HIS PRISON DISCIPLINAY RECORD.

In the original complaint Plaintiff very clearly indicated the relief he sought in this action. Having the records expunged and the material returned was in fact very clearly requested and is part of the Courts records.

Plaintiff admitts that defendants counsel probably has a higher level of formal education, but is it not commonsence that the filing of this law suite was in fact to prove that the defendants acted illegally by censoring, confiscating and punishing plaintiff for what he wrote and mailed to his adult friends? It is basic commonsence that the material having been obtained illegally by the defendants should be returned and any and all records pertaining to the material should be expunged. What sence does it make for the Plaintiff to battle the very skilled and educated DOC legal division for years just to have no real action taken to correct the wrong done to him?

Furthermore, defendants very much rely upon these ill gotten materials and have passed said material on to law enforcement officials who are hellbent to try to civilly commit Plaintiff for the rest of his natural life as a sexually dangerous person. With this in mind, Plaintiff surely has the right to expect justice insofar that the jurys' decision should and must be taken to mean that the material is expected to be returned to Plaintiff (or a representative of Plaintiff) and that Plaintiff's official records be expunged of any and all wrong doings this issue has brought upon him.

    III.    SCHMITT IS NOT ENTITLED TO ANY FURTHER DISCOVERY IN THIS MATTER.

Plaintiff has been subjected and still is being subjected to legal matters that have the potential of depriving Plaintiff his liberty for the remainder of his natural life. Plaintiff's life long liberty is of utmost importance to him and he shall not simply lay down and allow any person or Court to take his life from him. Counsel for defendants know full well the illegally obtained material and still illegally maintained material is being used against the Plaintiff.

Plaintiff has a very obvious and clearly understandable interest in knowing the extent of the criminal dispertion of his personal and Constitutionally protected property so he may take the appropriate steps necessary to retrieve it and have tained recorded expunged

    IV.    SCHMITT SHOULD BE MONETARILY SANCTIONED FOR HIS FAILURE TO COMPLY WITH THIS COURT'S ORDERS TO CEASE FILING DUPLICATIVE AND FRIVOLOUS MOTIONS AND ALL OF HIS FUTURE MOTIONS SHOULD BE DISMISSED SUA SPONTE WITH FURTHER SANCTIONS IMPOSED.

Plaintiff's motion was filed in good faith. He won a jury trial and said jurers very clearly indicated that the actions against Plaintiff were in fact illegal. With this in mind, Plaintiff filed a motion and made it a point to move the Court to take action, which is supported by the jurers decision. Plaintiff can not immagine how defendant's counsel can begin to assume, never mind state, in any written record, that Plaintiff's motion is frivolous. Plaintiff's life is on the line. Nothing is frivolous about any human beings life loss of liberty.

Plaintiff apologizes to this Court for his inexperience of the law. In no way and at no time has Plaintiff acted in a malicious way against this Court intentionally.

Defendants counsel further insults this pro se Plaintiff by asking this Court to impose monetary sanctions upon an indigent person, and to do so by allowing the guilty defendants to pay less damages awarded to him by a jury of the defendants peers and requested by said defendants. If in fact this Court deems it just and fair to impose any monetary sanctions, it surely is not the responsibility of the defendants to pay any such sanction on this plaintiff's behalf. The defendants have been found at total fault by a jury and Plaintiff has been awarded $302.00 by said jury as compensation for the damages done to him by the defendants. Plaintiff respectfully suggests that counsel for the defendants see to her duties insofar as to forward the award to plaintiff in a timely fashion and to concern herself with other matters than that of the PLaintiff's financial obligations.

In Conclussion, Plaintiff states that he is entitled to have the evidence returned to him as a matter of DOC Policy. See 103-CMR-403.15 Inmate Property. Upon release from an inmates prison sentence the department shall release any and all controband and property held in evidence. This case is no exception.

Plaintiff appeals have nothing to do with the evidence.

Plaintiff has previously made countless written requests to have confiscated property mailed out and or returned to him. Such requests have received little to no action, and when a responce was made it was simply a DOC run-a-round stunt to prolong the matter and all designed to cause Plaintiff undo stress and hardship. Plaintiff has had to file futher civil actions now before this very court simply to have his confiscated personal property in which the defendants have stolen like criminals under the cloak of night's darkness returned to him after it has been detained for years under the bold faced lies of DOC officials that it is part of an investigation of sorts. No charges have ever been filed against this Plaintiff and statute of limitations very clearly dictate that no charges shall ever come forth over any of the illegally and criminally confiscated personal property of this pro se Plaintiff.

Lastly, Plaintiff states that if the defendants were truely so concerned with the Commonwealth and this Honorable Court being subjected to frivolous motions and wasted expenses or resources, then perhaps the Department and its' vast attornies should look within and start resolving the grievances of inmates SDP and civil detainees instead of running kangeroo court like hearings and reviews of such complaints, which force men with civil rights and human feelings and needs like myself to have to fight cases in the Courts of the Commonwealth where we get defense counsels filing motions to sanction us for doing what we believe with all our heart and soul to be the correct thing to do in our persuit for justice.

PLAINTIFF RESPECTFULLY MOVES THAT THE DEFENDANTS OPPOSITION BE DISMISSED WITH PREJUDICE AND THAT PLAINTIFF'S MOTION BE GRANTED.

Dated: May 19, 2006

Respectfully Filed,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a true copy of the above motion was served upon C. Raye Poole via institutional charge slip for first class postage on or about May 19, 2006

Joseph P. Schmitt, pro se