UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ
CIVIL ACTION NO. 05-10571-RWZ
CIVIL ACTION NO. 05-10573-RWZ
CIVIL ACTION NO. 05-12580-RWZ
CIVIL ACTION NO. 06-10766-RWZ
CIVIL ACTION NO. 06-10569-RWZ

JOSEPH SCHMITT

v.

DEPARTMENT OF CORRECTION, et al.

MEMORANDUM OF DECISION

July 20, 2006

ZOBEL, D.J.

Plaintiff was convicted of raping a child and while serving his sentence at MCI Cedar Junction repeatedly attempted to mail stories and other writings deemed by defendant officers to be pornographic and in violation of that institution's rules. In August 2002, after he completed his sentence, plaintiff was civilly committed to the Massachusetts Treatment Center as a sexually dangerous person. He again tried to mail his stories and was again stymied by the officials of that institution who also found them to be pornographic. In seven cases pending before me, plaintiff complains about the mail rules and disciplinary process at both institutions as they pertain to his writings. There is substantial overlap among these law suits, as plaintiff recognizes. In the second of two complaints filed most recently, and within one month of each other, he immediately, upon filing the second complaint, moved to consolidate the cases.

Plaintiff has also conducted a very active motion practice in these cases with frequent duplicate filings. At the same time, plaintiff complains of the court's failure to pay immediate attention to his motions and its failure to give detailed explanations for every decision.

Following are rulings on all motions in all cases pending in this session.

**Schmitt v. Smith et al., C.A. 04-10451**

Motion for Order (#72)

This case arose out of disciplinary proceedings for mailing pornographic materials. Following a jury trial which resulted in a plaintiff's verdict, plaintiff seeks an order for return of the confiscated materials and an order by this court expunging these materials from the evidence adduced at a civil commitment hearing in the Worcester Superior Court.

Since plaintiff has appealed a number of post-trial decisions by this court, this court is without jurisdiction to act on the pending motion. It is also without jurisdiction to issue evidentiary orders to the Superior Court.

**Schmitt v. Mulvey et al., C.A. 04-10717**

Motion for Reconsideration (#83)

This case differs from C.A. 04-10451 only in that it pertains to a disciplinary report on another date. The pending motion seeks reconsideration of two rulings which are now on appeal.

For the reasons articulated above, this court is without jurisdiction to decide them.

**<u>Schmitt v. Carter et al., C.A. 05-10571</u>**

<u>Motion for Order (#16)</u>

By this motion, plaintiff seeks, in effect, to execute on the judgment in the above cases. Apparently, defendants have not yet paid, and plaintiff wants them to purchase a typewriter for him to properly enable him to attend to his many lawsuits. According to plaintiff, these number seven in this court, three in the Superior Court, and one in the Court of Appeals for the First Circuit.

The motion is denied. First, it by-passes Rule 69, Fed. R. Civ. P. Moreover, because plaintiff has filed an appeal, the judgment is not final and any execution of the judgment, premature. The court is confident that defendants will honor the judgment when and if it becomes final.

<u>Motion for Reconsideration (#18)</u>

Plaintiff moves for reconsideration of the court's denial of a motion for the appointment of counsel (#12) and an emergency motion for an order that defendants pay for mailing of his legal packages (#13). He states that he filed the latter request also in one of his state court actions.

The motion is denied. Plaintiff is not entitled to counsel, and the court in its discretion declines to seek counsel for him. According to his motion, plaintiff has received some money and defendants therefore refused to fund the mailing of a number of packages of legal mail. I cannot say that they have acted arbitrarily or improperly.

<u>Motion for Court Order (#19)</u>

Plaintiff asks the court to order the clerk of court to inquire of the United States Marshal "as to the status of [three] actions sent to said US Marshals Office for sevice (sic) to be conducted."

The motion is denied.

**Schmitt v. Massachusetts Department of Corrections et al., C.A. 05-10573**

Motion for Reconsideration (#16)

Motion for Court Order (#17)

These motions are identical to ##18 and 19 filed in C.A. 05-10571.  The rulings are identical as well.

**Schmitt v. Massachusetts Department of Corrections, et al., C.A. 05-12580**

This original complaint concerns the constitutionality of DOC regulations and policies at MCI Cedar Junction that prevented plaintiff from earning an income from his writings.  He cites specific instances of defendants' conduct that allegedly interfered with his rights.  Plaintiff had moved to amend the complaint which motion was denied as the amended version was defective in several defined respects.  Accordingly, the operative document is the original complaint.

Defendants have moved to dismiss that complaint (#18) and to stay all further proceedings pending the outcome of the motion to dismiss (#19).  These are properly addressed first.

Plaintiff, according to several of his complaints and motions, "wrapped up" his criminal sentence on August 11, 2002 and on that date was transferred from MCI Cedar Junction to the Treatment Center where he has resided ever since.  This complaint was

4

filed on December 22, 2005.  Defendants assert that the complaint is barred by the analogous Massachusetts statute of limitations, that which governs civil rights actions, Mass. Gen. L. ch. 260 § 2A.  Plaintiff responds that defendants had not been served in this case when these motions were filed and that therefore their notice of appearance as well as these motions should be denied or disallowed.  The response is frivolous.  It is clear that defendants, by filing an appearance, have submitted to the jurisdiction of the court and are therefore entitled to file their motions and oppose those of plaintiff.

On the merits, defendants are correct. To the extent plaintiff complains about specific incidents during his incarceration at MCI Cedar Junction, those all occurred more than three years before this case was entered, and plaintiff gives no reason why the statute should be tolled.  Accordingly, the motion is allowed as to specific acts allegedly committed by that defendant in violation of plaintiff's rights.[1]  To the extent plaintiff complains generally about policies and regulations of that institution, he has no standing at this point as none of its policies and regulations still affect him.

Motion to Stay all Further Proceedings (#19)

The motion is denied as moot

Motions for Discovery (##13 and 15)

Motions for Reconsideration (##14 and 22)

Motion for Order (#24)

---

[1] Plaintiff names only the Massachusetts Department of Correction in the caption and in the body of the complaint lists it as the only defendant.  I will thus treat the DOC as the only defendant although several individual officers are named as having committed acts violative of plaintiff's rights.

5

These motions are denied as moot.

Judgment may be entered dismissing the complaint

**Schmitt v. Kennedy et al., C.A. 06-10766**

**Schmitt v. Department of Correction, C.A. 06-10569**

These are the latest cases plaintiff has filed.  The issues pertaining to them are addressed in separate memoranda.


|     07/20/06     | /s/ Rya W. Zobel |
| --- | --- |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |