UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,
v.
JEFFREY SMITH, et al.,
    Defendants.

&

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,
v.
PATRICK MULVEY, et al.,
    Defendants.

C.A. No. 04-10451-RWZ
C.A. No. 04-10717-RWZ

(     PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION      )
(  TO SCHMITT'S MOTION FOR COURT ORDER AND MOTION FOR SANCTIONS   )

    Now comes the pro se Plaintiff and responds to the defendants opposition to Schmitt's motion for court order and motion for sanctions.

1.   The defendants in this matter seek to take the Court on a roller coaster ride through countless cases and even more assertions as to why the Plaintiff, who was victorious in trial before a Jury, by demand of the defendants, should not have his rightful property returned to him.

2.   Plaintiff will not take this Court's time by giving answer to each and every issue the defendants bombard this Court with in their 16 page motion.

3.   Plaintiff will very simply state the only facts that are relevant to this matter here and now.

4.   The defendants have been allowed the chance to argue their case against me at Jury Trial. They LOST. A Jury of their peers came back with a verdict that the defendants were WRONG for violating Plaintiff's Free Speech by censoring his mail, and/or confiscating his story entitled Weekend in Paradise (and Rain Dance), and/or filing a disciplinary report dated February 21,2002 (and March 15, 2002) against PLaintiff or causing such to be done. See Questions To The Jury On Special Verdict dated April 4,2006.

5.  Defendants do not have the right or authority to overrule a Jury Verdict. However, through their present opposition they seek to disregard the Jury Verdict, using the Department of Corrections Search Policy.

6.  Plaintiff refers the Court to Defendants Motion to Doismiss in C.A. No. 05-12580-RWZ. Defendants heavily rely on the assumption that the Plaintiff has no standing in his case because the rules and regulations of MCI Cedar Junction nolonger affect Plaintiff. Plaintiff respectfully points out that this very court made the same assertion. Now the defendants seek to change their stand against the Plaintiff by asserting the rules and regulations of MCI Cedar Junction still bind the Plaintiff.

7.  Plaintiff never sought to gain possession of the material. In fact he has submitted instructions to defendants counsel as to whom to mail the material to. Defendants' counsel knows this to be true and still choses to waste this Court's time and resources by filing pages of meritless opposition on this matter, just to deceive this Court into believing Plaintiff actually wants to take possession of the stories while he is civilly committed at the Nemansket Correctional Facility, which counsel attempts to call the Treatment Center.

8.  Plaintiff is not a prisoner and may not be held accountable to any rule and or regulation designed for prisoners serving prison sentences for criminal offenses. Defendants persist in their illegal action of violating Plaintiff's Due Process Rights by using 103-CMR-506. This policy may be allowed for prisoners serving prison sentences but plaintiff is not subject to rules and regulations that so deprive his Due Process and other rights.

In Conclussion, the only real issue at hand is the fact that Plaintiff successfully challenged the defendants actions in front of a JURY Trial and he has won the cases. The Defendants can not take a stand now that they are allowed to do as they please because of some PRISON POLICY which effected the Plaintiff while he was a prisoner at MCI Cedar Junction.

The defendants made no attempt to appeal the JURY VERDICT and as such have given up their ability to now challenge the Plaintiff's motion to have the Court Order said Defendants to return the stories and related material, as well as to expunge said material from Plaintiff's official records.

It is well established that Fruits of the Poisoned Tree shall not be used against litigants in legal actions. The JUry verdict clearly shows that the actions of the defendants were illegal and as a result of said illegal actions against the Plaintiff his personal written materials were confiscated and used against him in other legal maters by the Commonwealth. Plaintiff is well within his rights to move for the return of his property. ESPECIALLY, when said Plaintiff has made no request to take direct possession of the material. See attached word for word copy of Plaintiff's request to defendants counsel.

Wherefore, Plaintiff moves that this Court deny defendants Opposition and ORDER the defendants to retirn the stories and other related material to the person plaintiff indicates, and to further expunge the Plaintiff's official records of any and all reference of said materials, and to notify Plaintiff of any and all people and agencies said material copies have been served upon and for what purpose so as Plaintiff may have such material removed from any official records outside the Department of Correction.

Dated: October 16, 2006

Respectfully Filed,

Joseph P. Schmitt, pro se
30 Administration Road
Bridgewater, Ma. 02324-3230

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006 a true copy of the above motion and attachment was mailed to the defendants counsel of record via intra department mail service.

Joseph P. Schmitt, pro se

Joseph P. Schmitt
30 Administration Road
Bridgewater, Massachusetts
02324-3230


C. Raye Poole, Esq.
70 Franklin Street, Suite 600
Boston, Massachusetts
02110


April 10, 2006


Dear Ms. Poole:

During the recent Jury Trial, 04-10451-RWZ/04-10717-RWZ you provided me with a photo copy of the letters/sexual stories in which both cases were based upon. I am now requesting that you forward those copies(or in the event you discarded those copies, new copies) to Derek Kolb at 1611 Gold SE, Apt.#5, Albuquerque, New Mexico, 87106. This gentleman is my friend and co-plaintiff in recent action filed against a lot of your DOC clients. As the pro se counsel of Mr. Derek Kolb, I am instructing you to avoid any and all contavt with him outside the above specific request.

If you require postage please inform me how much is required and I will have it forwarded to you asap. Of course you are aware that I recently received a verdict from a jury of my peers that awarded me several hundred dollars so I am sure you know full well I am good for the postage so I see no reason for any delay.

If you prefer Ms Poole, I would happily file a motion to the USDC for an ORDER to have you comply with my wishes. Feel free to let me know what you prefer.

Have a nice day. Thank you...


                                        Respecftully Yours,

                                        [signature]


Cc: JPS,
    DK.