# United States Court of Appeals
## For the First Circuit

~~MANDATE~~

No. 06-2050

JOSEPH P. SCHMITT,

Plaintiff, Appellant,

v.

PATRICK MULVEY, ET AL.,

Defendants, Appellees.

No. 06-1778
No. 06-1789

JOSEPH P. SCHMITT,

Plaintiff, Appellant,

v.

JEFFREY SMITH, ET AL.,

Defendants, Appellees.

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: January 31, 2007

Plaintiff-appellant Joseph P. Schmitt obtained a jury verdict in his favor on civil rights claims arising from censorship of his writings by prison authorities. He appeals, raising issues as to damages and the dismissal of certain defendants. A transcript is

not part of the appendix, but the record is sufficient that we may deal with Schmitt's legal contentions on their facial merits.

By motion, Schmitt requested from the district court "pro se attorney fees" and costs. Since Schmitt had to proceed pro se, an award of attorney fees is precluded. Kay v. Ehrler, 499 U.S. 432, 435 (1990). Schmitt's request for costs consists of expenditures for postage, pens and other expenses not specifically allowed under 28 U.S.C. § 1920. The district court was within the bounds of its discretion in denying Schmitt's request. See Rodriquez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990)("[T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.").

Schmitt acquiesced to the dismissal of two individual defendants during the trial, but changed his mind after the verdict and asked the district court to "reconsider," alleging that opposing counsel had taken advantage of him. The district court refused Schmitt's request. Liability for a violation of civil rights is generally joint and several. See Watts v. Laurent, 774 F.2d 168, 179 (7th Cir. 1985)(civil rights claim by youth center inmate attacked by another inmate). Schmitt does not suggest that his modest award went unsatisfied, or that the dismissed defendants caused him any discrete and separate injury, so the district court's refusal to grant reconsideration does not appear to have affected Schmitt's substantial rights. See generally Fed.R.Civ.P. 61("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). It follows that this purported error caused no prejudice.

Schmitt contends that, during jury instructions, the district court should have provided a range of specific dollar amounts that the jury could award him for his compensatory damages, in symmetry with the range of one-to-three dollars the court used as an example of nominal damages. Schmitt is drawing a false parallel between the explanation of nominal and compensatory damages. The district court's use of one or three dollars as an example of nominal damages was accurate and appropriate. For compensatory damages, however, "the amount of damages awarded falls within the sound discretion of the fact-finder...." Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999). See generally McDonald v. Federal Labs., Inc., 724 F.2d 243, 247 (1st Cir. 1984)("Placing a value on human suffering is always a subjective enterprise, turning on the jury's sensibilities to the facts and circumstances presented in a particular case."). Schmitt's suggested 'bracketing' in the jury charge on compensatory damages would not be advisable. Cf. Evans v. Avery, 100 F.3d 1033, 1040 (1st Cir. 1996)(declining to endorse practice of instructing jury on statutory damages cap).

Pursuant to our Local Rule 27.0(c), the judgments are affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 2/21/07

By: __MARGARET CARTER__
Chief Deputy Clerk.

[cc: Joseph P. Schmitt, C. Raye Poole, Jody T. Adams, Esq., Philip W. Silva, Esq. ]