EXHIBIT # 1



Deval L. Patrick
Governor

Timothy P. Murray
Lieutenant Governor

Kevin M. Burke
Secretary

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety and Security*
*Department of Correction*
*Legal Division*
*70 Franklin St., Suite 600*
*Boston, Massachusetts 02110-1300*
*Tel: (617-727-3300 Ext. 124)*
*www.mass.gov/doc*



James R. Bender
Acting Commissioner

Timothy Hall
Acting Deputy Commissioner

Nancy Ankers White
General Counsel

November 7, 2007

Joseph Schmitt
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA 02324

**RE:   Schmitt v. Mulvey, et al., C.A. No. 04-10717-RWZ**
        **Schmitt v. Smith, et al., C.A. No. 04-10451-RWZ**

Dear Mr. Schmitt:

Enclosed please find a copy of Defendants' Opposition to
Plaintiff's Motions, Document Numbers 103 and 104 (DOCKETED IN
04-10717), Regarding the Return of the Two Stories which was
electronically filed with the Court on this date.

Very truly yours,

C. Raye Poole
Counsel

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
       Plaintiff,
       v.
JEFFREY SMITH, et al.,
       Defendants,

&

JOSEPH SCHMITT,
       Plaintiff,
       v.
PATRICK MULVEY, et al.,
       Defendants.

## DEFENDANTS' OPPOSITION AND RESPONSE TO PLAINTIFF'S MOTIONS, DOCUMENT NUMBERS 103 and 104 (DOCKETED IN 04-10717), REGARDING THE RETURN OF THE TWO STORIES

Defendants in the above-captioned matters oppose plaintiff's motions, document numbers

103 and 104 (docketed in 04-10717), and respond as follows.

1. ·  On October 7, 2007 this Court granted Schmitt's motion with regard to his request that

the two stories that were the subject of the above-consolidated cases be returned. (Doc. No. 103,

docketed in 04-10451.)

2.    Defendants filed a motion for clarification (Doc. No. 104, docketed in 04-10451),

indicating that because Schmitt is now civilly committed to the Massachusetts Treatment Center

as a sexually dangerous person, he may not retain such sexually explicit materials, and Schmitt

acknowledges as much. Consequently, defendants indicated in their motion that they would mail

the two stories to Schmitt's friend in New Mexico as he had previously requested on several

occasions. (See Doc. Nos. 90, 93, 95, docketed in 04-10451.)

3.      This Court granted defendants' motion for clarification on October 15, 2007. (Doc. No. 104, docketed in 04-10451.)

4.      Schmitt then filed an emergency response to defendants' motion for clarification (Doc. No. 100, docketed in 04-10717), in which he stated that he did not want the stories sent to his friend in New Mexico. He further stated that he wanted to "review the material to ensure that it is in fact the exact material unconstitutionally confiscated from him."

5.      Based on Schmitt's response, counsel for defendants asked the Superintendent at the Massachusetts Treatment Center ("Superintendent") to have an inquiry made with Schmitt to obtain the name and address where the stories should be sent.

6.      On October 24, 2007 IPS Officer Benevides told Schmitt that he would not be allowed to receive or review the two stories at issue. Schmitt stated to Officer Benevides that he would probably send the material to Attorney John Day and provided Attorney Day's address to Officer Benevides. (Incident Rpt, attached hereto as Ex. A.)

7.      Based upon this, counsel for defendants mailed (copies of) the two stories to Attorney Day. (Doc. No. 105, docketed in 04-10451.)

8.      On November 1, 2007 Attorney Day returned the stories to counsel for defendants, indicating that his client requested that he do so. (Doc. No. 106, docketed in 04-10451.)

9.      To date, Schmitt has not provided counsel for defendants with an alternate name and address where the stories should be sent.

10.     Schmitt acknowledges that he is not permitted to retain such materials at the

2

Massachusetts Treatment Center. (See Doc. Nos. 90, 93, 95, docketed in 04-10451.) Schmitt has also repeatedly stated that he "has never asked to have the materials given to him at [the Treatment Center], but rather, has provided defendants['] counsel with the name and address of the citizen in New Mexico to mail the material to and has even offered to pay the postage for said mailing." (Doc. No. 90, see also Doc Nos. 93, 95, docketed in 04-10451.)

11.     Schmitt will not be permitted to "review" the two stories, and they will not be permitted to enter the Massachusetts Treatment Center, which is what he is now requesting.

12.     As an Officer of the Court, counsel for defendants represents that the copies sent to the person Schmitt designates will be true and accurate copies of the two stories that were the subject of the above-captioned matters.

13.     Accordingly, counsel will forward (copies of) the two stories directly to the person Schmitt designates upon being provided with the name and address of said recipient.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

DATED: November 7, 2007            C. Raye Poole

                                   /s/ C. Raye Poole

                                   B.B.O. # 632719
                                   Department of Correction
                                   Legal Division
                                   70 Franklin Street, Suite 600
                                   Boston, MA 02110
                                   (617) 727-3300 ext. 147

3

Certificate of Service

I, C. Raye Poole, counsel for the defendants, hereby certify that on this 7th day of November 2007, I served a copy of the above motion by first class mail, postage prepaid on Joseph Schmitt at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.

/s/ C. Raye Poole
C. Raye Poole

4

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### MASS. TREATMENT CENTER

### INCIDENT REPORT

# CONFIDENTIAL

Incident Report # : 435209   Incident Time : 14:42   Date: 10/24/2007   Place Occurred: B2

Codes & Subject : INMATE RELATED   Climate - Inmate

Reported By   : Benevides Eugene J  IPS   Department: IPS   Reported Date:  10/24/2007

Description   : On Wednesday October 24, 2007, Resident Schmitt was advised that he would not be allowed to receive or view any of the contraband documents retained by the Dept of Correction regarding an incident which took place at MCI-CJ. Schmitt stated the he would probably send the material to Attorney John Day at the Winslow - Warren Building, 65 Main Street, Plymouth, MA 02360.

Schmitt also stated that in the event that Attorney Day was not the contact person, it would then be sent to another attorney. No further information was obtained during this discussion.

| Person Type | Commit No | Name | Housing Unit |
|---|---|---|---|
| Inmate | M81137 | SCHMITT JOSEPH | B2 |
| Staff | | Benevides Eugene J | |

Entered By:   Benevides Eugene J  IPS

Shift Commander:   Date:

Comments :



EXHIBIT

A

EXHIBIT #2

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, pro se,
      Plaintiff

v                                CIVIL CASE NO.: 2004-10717-RWZ

PATRICK MULVEY, et al,
      Defendants

PLAINTIFF'S EMERGENCY RESPONSE TO DEFENDANTS
MOTION FOR CLARIFICATION OF THIS COURT'S ORDER
DATED OCTOBER 10,2007:
AND MOTION FOR SANCTIONS AGAINST OPPOSING COUNSEL

      Now come the pro se plaintiff and gives the following :
response to defendants latest motion, motion for clarification of
this court's order dated October 10,2007. And, motion for sanctions
against opposing counsel.

1.        This Court clearly and plainly ordered the defendants to
return the two stories/letters and envelopes that were the subject
of litigation in the combined cases 2004-10717-RWZ and 2004-10451-
RWZ, because said court is constrained to accept the jury's
determination that the defendants violated plaintiff's rights to
free speech by confiscating said stories. Plaintiff respectfully
points out the undisputed fact that defendants opted for a jury
trial, not bench trial as plaintiff was ready and willing to go
forward with. As such they are bound by the jury's determinations,
whether they agree or disagree with it.

2.        Defendants have made countless attempts to deprive this
pro se plaintiff his rightful property since the conclusion of the
jury trial.

3.        Counsel is now filing frivolous and malicious motion
which only delays the return of the letters and envelopes as this
court so clearly and plainly ordered October 10,2007.

4.        This court's October 10,2007 order was plain and clear.
The return of plaintiff's stories and envelopes are not hinged upon
his past desire to have them mailed to a friend, namingly Derek
Kolb in New Mexico, whom at this time plaintiff has no contact with
and has no such desires to have any such contact with. It is further
believed that Kolb is incarcerated in New Mexico.

5.        Defendants have the authority to deny me possession of
the material while at the Treatment Center as a SDP pursuant to
G.L. c. 123A. However, plaintiff also has the undisputed right to
review the material to ensure that it is in fact the exact material

unconstitutionally confiscated from him, as determined by a jury
of the defendants peers demanded by said defendants. Plaintiff
will then make the decision as to how to dispose of said property
as the Department of Correction property policy uses at the  MA.
Treatment Center (Bridgewater).

        WHEREFORE, plaintiff moves that this Court Sanction the
Opposing Counsel, C. Raye Poole, for her continued filings of
malicious and frivolous motions regarding the return of said letters
and envelopes, and to further order the defendants, Opposing
counsel C. Raye Poole, to forward to plaintiff said stories/letters
and envelopes they were originally mailed so he may review said
material and make an informed decision as to how to dispose of such
material.

Dated: October 16,2007

                            Respectfully filed,

                            _____

                            Joseph P. Schmitt, pro se
                            Nemansket Correctional Facility
                            30 Administration Road
                            Bridgewater, Massachusetts
                            02324-3230

                    CERTIFICATE OF SERVICE
Undersigned pro se counsel/plaintiff hereby certifies that a true
copy of the above motion was mailed to C.Raye Poole, Esq. at 70
Franklin Street, Suite 600, Boston, Massachusetts, 02110-1300 via
inter department mail on or about October 18,2007

                            ---------------------------
                            Joseph P. Schmitt, pro se
                            Counsel/Plaintiff

EXHIBIT #3

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Adminstration Road
Bridgewater, Massachusets
02324-3230

United States District Court
Clerks Office
1 Courthouse Way, Suite 2300
Boston, Massachusetts
02210

                              RE USDC2004-10717-RWZ
                                 SCHMITT V MULVEY, ET AL

October 24,2007

Dear Clerk of Courts:

PLease docket the enclosed emergency motion and bring said motion
to the immediate attention of the court for a ruling, and inform
me of said ruling via mail as soon as possible.

Thank you for your time and action in this matter.

                              Respectfully,

UNITED STATES DISTRICT COURT

CIVIL DOCKET NO.:
USDC2004-10717-RWZ

JOSEPH P. SCHMITT. Pro se.,
        Plaintiff,

v.

PATRICK MULVEY, et al.,
        Defendants.

### EMERGENCY MOTION FOR PROTECTIVE ORDER,
### AND MOTION FOR SANCTIONS AGAINST DEFENDANTS

        Pro se plaintiff, Joseph P. Schmitt moves this honorable
court, Rya W. Zobel, for an emergency protective order and sanction
against the defendants, specifically the department of correction
and Jody T. Adams, Esq.

        As grounds thereof, Plaintiff states the following under
pains and penalties of perjury.

1.      On October 23,2007 plaintiff was awokened by IPS Sergeant
Eugene Benevides and brought into the hall way before his housing
unit to be questioned regarding issues concerning the Courts Order
Dated October 10,2007 and subsequent motions filed by both the
defendants and this Pro Se Plaintiff.

2.      Pro se Plaintiff informed Eugene Benevides that the matter
was before the court and that he objected to Robert Murphy ordering
the IPS at the Nemansket Correctional Facility to interfer in such
matters. Plaintiff further informed Benevides that he was not sure
who if anyone would be the recipiant of the materials ordered by
this Court to be returned to said Pro se Plaintiff, and that such
matters were before the Court and not within the administrations
jurisdiction at this time.

3.      On October 24,2007 Pro se Plaintiff was again confronted
by IPS Sergeant Eugene Benevides regarding the exact issues of the
previous day, as described above. Pro se Plaintiff instructed Benevides
of the fact that the matter was before the court, between himself
and the defendants counsel, and as such such communications were not
permitted by rules of civil procedure. Benevide informed Pro se
PLaintiff that he was acting under the direct orders of Robert Murphy
to obtain the address of my attorney whom I stated the previous day
"that I might send his the material after I have personally reviewed
it and at such time I would determine who  if anybody I would send
it to and upon doing so I would provide the envelope pre-address  and
baring the required postage." Plaintiff expressed his intent very
clearly. "He was not certain who he would mail the material to."

4.        Eugene Benevides informed Pro se Plaintiff that Robert
Murphy would not permit said Plaintiff to have any possession of
the "stories'."

5.        The actions of Murphy, Benevides clearly are based on
communications between the defendants counsel and Murphy (Robert
Murphy, Superintendent at the Nemansket Correctional Facility).

6.        Such actions circumvent the civil action filed and active
within this United States District Court. The Department of Correction
does not have the authority, power or inclination to interfere in
any way with proceeding in Federal Courts, or before officers
appointed by them. Matter of Lyon, 301 Mass. 30, 34 (1938). The
Supremacy Clause of Art. VI of U.S. Constitution provides Congress
with power to prempt State Law. "The standard to be applied in
determining whether the supremacy clause requires that state (family)
law be prempted is whether the state law does 'major damage' to
"clear and substantial' federal interests. "Hisquierdo v. Hisquierdo,
435 U.S. 572, 581 (1979), quoting United States v. Yazell, 382 U.S.
352 (1966). See Rose v. Rose, 481 U.S. 619, 625 (1987); Ridgway v.
Ridgway, 545 U.S. 46, 54 (1981): McCarty v. McCarty, 543 U.S. 210,
220 (1981).

7.        In the long history of this case the defendants and their
counsel have contnuously erected barries to prevent plaintiff from
achieving his rights.


        WHEREFORE, Plaintiff moves that this Court impose monetary
Sanctions against the Department of Correction in the amount of
$25,000.00 for its continuous and repeated violations of Plaintiff's
State and Federal rights, Furthermore, to impose monetary Sanctions
against Jody T. Adams, Esq. in the amount of $75,000.00 and refer
this matter to the Bar Association for professional misconduct
charges for he continued and repeated abuses against this pro se
plaintiff.

        In Conclussion, Plaintiff moves that this Court ORDER the
Department of Correction to cease harassing plaintiff regarding the
matters before this court, and to maintain contact of such matters
between defendants counsel and pro se plaintiff only.

        IN THE ALTERNATIVE, Plaintiff moves this court to habe
him into court for the sole purpose of having defendants counsel
turn over to him all materials on which the combined actions are
based so as Plaintiff may review said materials, and then turn such
materials over to the clerk of this court with a pre-addressed
envelope bearing required postage so said clerk may ensure the
mailing of said materials. (Plaintiff states in clear language that
he does not trust the administration at the Nemansket Correctional
Facility to carry out the Courts orders non-corruptly.

Dated: October 24,2007

Respectfully Filed,

Joseph P. Schmitt, Pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copy of the above motion
was mailed to Jody T. Adams at 70 Franklin Street, Suite 600, Boston
Massachusetts 02110-1300 via Intra Department Mail on or about October
25,2007

Joseph P. Schmitt, pro se,
Plaintiif.

EXHIBIT #4



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety and Security*
*Department of Correction*
*Legal Division*
*70 Franklin St., Suite 600*
*Boston, Massachusetts 02110-1300*
*Tel: (617-727-3300 Ext. 124)*
*www.mass.gov/doc*



**Deval L. Patrick**
Governor

**Timothy P. Murray**
Lieutenant Governor

**Kevin M. Burke**
Secretary

**James R. Bender**
Acting Commissioner

**Timothy Hall**
Acting Deputy Commissioner

**Nancy Ankers White**
General Counsel

October 26, 2007

John S. Day, Esq., LLC
The Winslow-Warren Building
65 Main Street
Plymouth, MA 02360

> **RE:**  **Schmitt v. Mulvey, et al., C.A. No. 04-10717-RWZ**
> **Schmitt v. Smith, et al., C.A. No. 04-10451-RWZ**

Dear Attorney Day:

I represented the Department of Correction officials in the above captioned consolidated matters regarding two stories which plaintiff Joseph Schmitt ("Schmitt") wrote while incarcerated at MCI-Cedar Junction. The stories, which depict graphic sexual acts involving children, were evidence in the above matters, and a jury verdict was returned in Schmitt's favor. As a result, Judge Zobel has ordered that the Department return the stories. Due to the nature of the stories, however, and as Schmitt has conceded before the federal court, they cannot be returned to Schmitt, as they are contraband at the Massachusetts Treatment Center where he currently is housed and are not authorized for retention by Schmitt at that facility. 103 CMR 481.15; 103 CMR 431.11, Offense C-13. As such, Schmitt has designated you as the person to whom the stories should be sent.

Please be advised that you are prohibited under any circumstances from providing Schmitt with copies of these stories or in any way attempting to mail them to him at the Massachusetts Treatment Center, whether under the guise of legal mail or as personal mail. Please also be advised that despite a diligent search, the Department has been unable to locate the two originals, and, therefore, a copy of the two stories is being mailed to you in their stead.

Very truly yours,

C. Raye Poole
Counsel

Encl.

cc:   Honorable Rya Zobel, USDC, w/o encl.
      Robert Murphy, MTC Superintendent, w/o encl.
      Joseph Schmitt, M-81137 MTC, w/o encl.