UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2008 JAN 25 P 12: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOSEPH P. SCHMITT, PRO SE,
    PLAINTIFF,

vs.

JEFFREY SMITH, ET AL.
    DEFENDANTS"

&

JOSEPH P. SCHMITT, PRO SE,
    PLAINTIFF,

vs.

PATRICK MULVEY, ET AL,
    DEFENDANTS'.

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

PLAINTIFF'S OPPOSITION TO, DEPARTMENT OFFICIALS MOTION TO
VACATE SCHMITT'S INDIGENCY STATUS

Now comes the pro se indigent plaintiff and hereby opposes the defendants newest motion to vacate his indigency status.

1.  Plaintiff points out to this court the very simply fact that if the counsel representing the defendants, C. Raye Poole, complied with the rules of civil procedure, and other statutes of this Commonwealth in a competent fashion, this pro se indigent plaintiff would not be forced to pursue matters to the Appeals Court.  Plaintiff would be happy to put this case behind him, However this is not possible because the grossly incompetant opposing counsel claims to have lost confiscated property of this plaintiff. Plaintiff quit frankly believes this is nothing more than a lie intended to keep the property from this pro se indigent plaintiff in order to use it against him during the upcoming September 22,2008 123A sec. ( Trial plaintiff will face. It is no coincidence that the documents displayed at trial are suddenly lost after pro se plaintiff is victorious at the Jury Trial the defendants counsel demanded, but somehow a copy of these "lost" documents are offered to John S. Day, Esq. without the authorization of this pro se indigent plaintiff.

2.  Plaintiff further wishes to point out the fact that he is not a prisoner serving a prison sentence.  Defendants' counsel has inundated her motion with comments describing this plaintiff with a prisoner of the Commonwealth, and case law specifically regarding persons designated as prisoners who are serving prison terms, not a civilly committed patient such as this pro se indigent plaintiff is lawfully designated as. Pusuant to the 1st Cir. in King v. Greenblatt (King I) 52 F.3d 1,2-3, the court mandated that Civilly committed patients at the Treatment Center have the least restrictive conditions necessary to achieve the purpose of commitment. Being heing held to the expectations afforded PRISONERS as opposing counsel inundates her excessively wordy motion with is clearly contrary to this very courts rulings in the various KING cases and other such cases involving the

patients at the Treatment Center.

3, Plaintiff has in fact purchased clothing and electronics and special order footwear and even purchases food items with the funds he unexpectedly received as a GIFT from an outside source, which is in no way a future source for funds or in any other way connected to funds involving this plaintiff. HOwever, what opposing counsel deliberately fails to inform this Court of is the fact that plaintiff is a diabetic which forces him to maintain sweets and other food items in which he uses to substitute the alleged nuticious food served free three times a day at the Treatment Center. Counsel further fails to inform this court that plaintiff was victimized by the theft of his personal propery due to the incompetence of DOC officials which allowed other Treatment Center Residents to steal $387.24 (see civil action PLCV2007-00378-B Schmitt vs Comm of Mass, et al) and again for another several hundred or so shortly afterwards. (see civil action PLCV2007-00652-B Schmitt vs Costa, et al). Plaintiff is in the process of replacing his personal property. Defendants counsel so ignorantly refers to plaintiff's purchases of special footwear which as a diabetic he must take great care of his feet and dietary consumption as a squandering of funds. She further lies by stating magazine orders instead of order, which in the real world of facts was $21.00 which is in no sence of the imagination a squandering of funds. Plaintiff is human and has the absolute right to have creature comforts, even if Ms. C. Raye Poole has objections to it.

4. In this very case (combined cases) this very counsel has attempted to have plaintiff's indigency status vacated before and was promptly denied by the Court.

5. This very counsel for defendants has filed at least five or more motions to vacate plaintiff's indigency status in other cases before this and other courts of the Commonwealth only to be denied promptly. Suchcontinued and repeated frivolous motions surely meets the requirements of Res Judicata.

6. Furthermore, this very court has issued an order stating in part that the filing of identical motions shall cease. Defendants' counsel surely is not immune to this Court's orders, and in the event that she is immune, then plaintiff shall question the issue of discrimination and bias.

7.. Defendants allege that plaintiff has the ability to summon up the money through outside means. However it is queer that the defendants counsel can not provide one solid fact for this ASSUMTION. Every attempt to estabish a savings account on the outside has been interfered with by the DOC at MTC, this has happened as late as January 11,2008. A simple letter to a bank has been opened and subject of an investigation per order of Robert Murphy, Supt.

8. Plaintiff takes offense to the allegedly professional opposing counsel by her allegation that plaintiff is lieing to this court about his financial status. See page 4-5 of defendants motion to vacate indigency status. Plaintiff further questions the reasoning behind opposing counsel introduction of matters that have absolutely nothing to do with the issue at hand. If Ms. Poole believes plaintiff lied about anything she should pursue sanctions against the pro se indigent plaintiff. Plaintiff stands by the FACT that he is indigent. Based on the Federal Poverty level and the Commonwealth's Poverty level this unemployed pro se plaintiff who has no steady income and with even a financial gift of $3,500.00 this falls thousands of dollars below the poverty level. Plaintiff

stated he was indigent and stands by those words one hundred percent. His indigency status is not rated by the DOC policy for free mail which is $10.00 or less in the inmate's account for 60 or 90 days. Plaintiff is a civilly committed citizen, NOT a convict/prisoner serving a criminal sentence. DOC counsel C. Raye Poole needs to wrap her mind around this basic fact so she can spend this Commonwealth's and Courts and Plaintiff's resources on bigger and better issues which are not frivolous and petty. She must also learn to respect opposing pro se litigant, Joseph P. Schmitt. Pro se plaintiff's are to be treated with the same respect as attorneys and are held to the same standards. Ms. Poole has filed numerous motions stating this fact, but somehow she believes she can disrespect this pro se plaintiff and circumvent rules of civil proceedure by sending letters to the Court clerk and express personal feelings which result in plaintiff's inability to procure copies of cases he has against the DOC.

In closing, contrary to counselwoman pooles allegations that plaintiff will have a belief that fradulent ways hold absolutely no consequences, with nothing to lose on my part, and everything to gain, is purely designed to prejudice the plaintiff. Plaintiff has not and shall not intentional deceive, lie or otherwise commit fraud upon this court or any court. His belief in the laws he reads as he understands them with his limited education clearly doesn't constitute a lie as C.Raye Poole would have this Court believe.

Plaintiff closes by stating that the defendants counsel has controdicted her very own motion to the point it MUST be denied. Plaintiff brings the Court's attention to Exhibit "B" of the defendants motion to vacate indigency staus of plaintiff. The ending balance dated 01/08/07 clearly reads $191.67. This amount of funds is minute and in no way possible can plaintiff be expected to pay the filing fee of $455,00 as C. Raye Poole so badly hopes to force me to pay in blatant controdiction to the Constitution of the Commonwealth of Massachusetts, Art, XI. I shall not be required to PAY FOR JUSTICE.

Dated: 1/17/2008

Respectfully filed,

*[signature]*

Joseph P. Schmitt, pro se
30 Administration Road
Bridgewater, MA. 02324-3230

CERTIFICATE OF SERVICE

Plaintiff hereby certify that a true copy of the above motion/opposition was served upon C. Raye Poole via inter department mail on or about 1/19/2008

*[signature]*

Joseph P. Schmitt, pro se
Plaintiff